## EDWARD V. CICOTTE v. THE COUNTY OF WAYNE.

*Order of pleadings—Demurrer and plea to the merits—Suits against counties.*

A demurrer and a plea to the general issue are inconsistent, as the first admits what the last denies.

A plea to the merits excludes the right to demur and must be withdrawn if the defendant wishes to demur to the same counts.

There cannot be issues of fact and of law on the record at the same time.

Demurrer should be taken before going to issue on the facts.

A plea to the merits filed after demurrer waives, supersedes or over-rules it.

A bill of particulars is not part of the declaration; though it may have the effect of a pleading in so far as it restricts the proof; its purpose is to secure such information as will enable the parties to make intelligent preparation for trial.

Pleadings are not amended by service of a bill of particulars, nor is the issue changed by amending the bill; and a plea or demurrer to it would be anomalous.

A declaration on the common counts is not made demurrable by the bill of particulars.

A county may be sued by a declaration on the common counts.

Error to Wayne. Submitted June 16. Decided June 23.

ASSUMPSIT. Plaintiff brings error. Reversed.

*Griffin & Dickinson* and *G. S. Hosmer* for plaintiff in error.

*Henry N. Brevoort* for defendant in error. The bill of particulars is an amplification of the declaration, forms part of it and is meant to give it greater certainty: 1 Green's Prac. 512; 1 Tidd's Prac. 599; 1 Chit. Pl. (16th Am. ed.) 35 n. 1; *Brown v. Williams* 4 Wend. 368.

GRAVES, J. This record is remarkable. It shows that the plaintiff sued the county by declaration on the common

counts, and it contains a bill of particulars furnished by the plaintiff, a plea of the general issue, a demurrer to the declaration but no joinder, a stipulation to put the case on the "jury docket" for the May term of 1878, and a final judgment on the demurrer against the plaintiff in August of that year. The date of the plea does not appear, and whether it preceded or followed the demurrer is therefore not explained. In case it was put in before the demurrer, the demurrer was not regular. (The plea to the merits should have been withdrawn. If it was put in afterwards the effect was to waive or supersede the demurrer.) There cannot be an issue of fact and one of law on the same record at the same time in respect to the same matter. They are incompatible. One admits what the other denies. (In the order of pleading the defense by demurrer is required to be taken before going to issue upon the fact, and in case a plea has been made and it appears desirable to demur to the same count or counts the plea should be withdrawn from the record. So long as it stands it excludes the right to demur. If the plea is put in subsequent to the demurrer, it overrules it.) These are familiar rules, and the record contains no explanation in terms to rescue the case from their operation.

But let it be assumed that the demurrer was in the record to be adjudicated. The claim is made that the bill of particulars became incorporated in the declaration, and that it hence appeared that the cause of action was not suable against the county, and this seems to have been the theory on which the court below proceeded in allowing the demurrer. Of course this view is wholly inadmissible. The object of the practice for the production of bills of particulars is to obviate the uncertainty of general pleading. The intent is to secure such information as will enable the parties to make an intelligent preparation for trial, and to enter upon the investigation before the court or jury with an understanding as to what is really in controversy. The bill is often mentioned as being an amplification of the declaration or as entitled to be considered as a part of the pleading. But such expressions are metaphorical. The bill is never in strictness a

component of the pleading. It may have the effect of a pleading in so far as it restricts the proof to what it contains. To consider it as pleading would be a circuitous return to the practice of special pleading within certain limits; and this would contradict one of the necessary implications of the introduction of bills of particulars. The remedy by the method of general pleading was to be improved without impairing its convenience and without bringing in the technicalities and refinements of pleading. No one has ever supposed the service of a bill of particulars constituted an actual amendment of the pleadings, or that an amendment of the bill operated as a change of the issue on the record. And a plea or demurrer to a bill of particulars would be an anomaly. The declaration in the record was no more subject to demurrer after the bill of particulars than it was before. It continued to be the usual declaration on the common counts, and whatever question there was or might be in regard to the right to sue the county for matters described in the bill of particulars, would have to be raised in some other way. It would naturally arise at the trial. It was not impossible that the bill might be entirely changed so as to obviate all objection.

The result is that the only point the demurrer could raise was the abstract right to bring a suit by declaration on the common counts against the county, and in regard to that there is no room for discussion. The right is plain. *Endriss v. Chippewa County* 43 Mich. 317.

The judgment must be reversed with costs and the case be allowed to proceed according to law.

The other Justices concurred.