WILMER S. HAWTHORNE *vs.* MARION JANE MURRAY.

1. MECHANICS' LIENS—NATURE OF ACTION.

An action to enforce a mechanic's lien is in the nature of an action of
assumpsit for the price and value of work, labor, and material furnished by
the claimant.

2. MECHANICS' LIENS—RECOVERY.

Where a considerable portion of the materials furnished under a build-
ing contract are not of the quality and kind specified, the materialman, in
an action to enforce his lien, may still recover the reasonable worth of such
material.

3. SET-OFF AND COUNTERCLAIM—"RECOUPMENT".

"Recoupment" is the right of a defendant in the same action to claim
damages from the plaintiff for some cross-obligation or violation of duty
relating to the contract sued on.

4. PLEADING—RECOUPMENT—NOTICE.

Under a notice of recoupment, the defendant may prove any damages
growing out of the transaction between them.

5. EVIDENCE—RECOUPMENT—BURDEN OF PROOF.

The burden is on the defendant to prove matters set up in the notice of
recoupment.

6.  SET-OFF AND COUNTERCLAIM—RECOUPMENT—EXTENT OF RECOVERY.
      The defense of recoupment goes only to the reduction of plaintiff's
demand, and the defendant cannot recover for any balance or excess.

7.  SET-OFF AND COUNTERCLAIM—BUILDING CONTRACTS—FRAUD—ESTOPPEL.
      Where plaintiff contracts to construct a building of certain material, and
by false representations induces the defendant to accept inferior material,
such acceptance does not prevent the defendant from obtaining recoupment
in the plaintiff's action for the contract price.

8.  CONTRACTS—BUILDING CONTRACTS—AMOUNT OF RECOVERY.
      Where a building contractor furnishes work, labor, and material of use
to the owner, though inferior to that agreed upon, he may recover their rea-
sonable worth subject to a deduction for damages suffered by the owner
from the noncompliance with the contract.

9.  EVIDENCE—JURY—DELIBERATION.
      Where the evidence is conflicting, the jury should reconcile it, if possi-
ble; and, if not possible, they should credit the evidence of those witnesses
whom they believe most worthy of belief, taking into consideration their
interest, bias, or prejudice.

*(March 26, 1912.)*


Judges BOYCE and CONRAD sitting.

*Levin Irving Handy* for plaintiff.

*John P. Nields* for defendant.

Superior Court, New Castle County, March Term, 1912.

SCI. FA. SUR. MECHANICS' LIEN (No. 8, September Term, 1911).


The amount claimed by plaintiff was four hundred and fifty-
eight dollars for materials furnished and labor expended, in the
construction and erection of a building or structure called an
incubator and brooding house, on the defendant's premises in
White Clay Creek Hundred, New Castle County.

The contract duly entered into between the parties, provided
as follows:

"AGREEMENT made this first day of November, 1910, between
Marion Jane Murray of Newark, Delaware, and Wilmer S. Haw-
thorne of the same place.

"Wilmer S. Hawthorne agrees to furnish and build two
buildings, one an Incubator House and the other a Brooder House,
both to be built in accordance with the attached plans, Nos. 6
and 7, and the attached specifications.

"Marion Jane Murray agrees to pay for the same in accordance with the specifications, payments to be made in cash or its equivalent.

"Marion Jane Murray.    Wilmer S. Hawthorne."

CONRAD, J., charging the jury:

Gentlemen of the jury:—This is an action of *scire facias sur* mechanics' lien, commonly known as a mechanic's lien proceeding, wherein the claimant, Wilmer S. Hawthorne, avers that the defendant, Marion Jane Murray, owes him a balance of four hundred and fifty-eight dollars for materials furnished and labor expended in the construction and erection of a building or structure, called an incubator and brooding house, on certain premises in White Clay Creek Hundred in this county.

It appears from a contract entered into between the parties, and admitted in evidence, that said building was to be erected by plaintiff for the sum of twelve hundred dollars, that extras to the amount of eight dollars were furnished, and that payments of seven hundred and fifty dollars on account were made, leaving a balance remaining of four hundred and fifty-eight dollars with interest from January 15, 1911.

To the statement filed by the claimant the defendant pleads *non assumpsit*, payment, set-off and statute of limitations and also gives notice of recoupment, in which it is claimed by defendant that the work and materials furnished by the said claimant were not furnished in accordance with the terms and provisions of the said written contract, in that the cellar floor and the floor of the boiler pit were not constructed of Portland cement concrete; that certain walls were not built of hard burnt brick; that the doors and windows were not set in frames; that the head room in the incubator house and in the brooder house was not seven feet in the clear; that the chimney contains but one flue; that the lumber used was not first quality North Carolina pine; that the work was not completed in one month from November 1, 1910, and that the work done was not done in a workmanlike manner.

[1, 2] This is not an action on the written contract entered into between the parties. While it is a statutory remedy, known

as a mechanic's lien, it is in the nature of an action of assumpsit for the price and value of work, labor and materials furnished by the claimant. If it should be shown to your satisfaction that a considerable portion of these materials was not of the quality and kind specified in the contract, although not of as much value as if they were of the kind and quality specified in the contract, the claimant may recover in this action what they were reasonably worth.

[3-6] The defendant has given notice of recoupment by which she seeks to recover damages in reduction of the plaintiff's claim in this action. Recoupment is defined to be the right of the defendant, in the same action, to claim damages from the plaintiff, either because he has not complied with some cross-obligation of the contract upon which he sues, or because he has violated some duty which the law imposed in the making or performance of that contract. Under the notice of recoupment, it is competent for the defendant to give evidence of damages if any, growing out of the transaction between them. The burden of proving the matters set up in the notice of recoupment, in the way of defense, rests upon the defendant. Such a defense, whenever made, goes only in reduction of claimant's demand, but the defendant cannot recover for any balance or excess, if it should exceed the claimant's demand.

Whether the claimant's demand should be reduced by reason of any damages which the defendant alleges she has sustained, you should determine from the evidence respecting such damages, considered in connection with all the evidence in the case.

[7] Touching the matter of substitution of one material for another, and the acceptance thereof, we say this to you. It is contended by the plaintiff that the defendant consented to and accepted the substitution of a brick floor for a cement floor, and likewise to the use of certain brick for the walls other than hard burnt brick. The defendant insists that the plaintiff represented to her that a brick floor would be as good and effective as a cement floor, and that certain bricks which were used in the walls would be as good as the hard burnt brick. If you believe that the substitutions were made with the consent of the defendant, but only

upon such representations of the plaintiff, and that the same were untrue, and relied upon, then the defendant's acceptance of the same would not relieve the plaintiff of any damages sustained by the defendant, if any, by reason of such substitutions.

[8]   If you find that the claimant completed the work in full compliance with the terms of the contract, your verdict should be for the claimant for the full amount of his claim.   If however you should find that the claimant has not fully complied with the terms of the contract, then he is not entitled to the full amount claimed by him; but if it should be established to your satisfaction that the work, labor and materials furnished by the claimant were of any use to the defendant, then you can find for the claimant in such amount as you find such work, labor and materials to be reasonably worth, subject, however, to any reduction by reason of any damages, which you may find the defendant has suffered from the claimant's failure to comply with the terms and provisions of the contract.

[9]   The facts in the case, as shown by the witnesses, are for your exclusive determination.   It is for you to take the evidence, and, where it is conflicting, you must reconcile it if you can, and if you cannot reconcile it you should give credence to the evidence of those witnesses whom you believe most worthy of belief, taking into consideration the interest, bias or prejudice the witnesses may have in the case, and your decision should be in favor of the party with whom rests the preponderance or greater weight of the evidence.

· Verdict for plaintiff.