ARMSTRONG and LATTA COMPANY, a corporation of the State of Pennsylvania, *vs.* WILMINGTON SUGAR REFINING COMPANY, owner, and CHRISTIANA CONSTRUCTION COMPANY, Contractor.

1. MECHANICS' LIENS—ACCEPTANCE OF NOTES AS FIRST PAYMENT UNDER AGREEMENT WITH ORIGINAL CONTRACTOR HELD NOT WAIVER BY SUBCONTRACTOR TO LIEN PROPERTY.

Under 29 *Del. Laws*, *c.* 225, providing that no person or persons entitled to avail themselves of a lien thereunder shall be considered as waiving it by receiving notes or other securities, unless received in payment, or the lien expressly waived, the acceptance of notes by a subcontractor from the original contractor as a first payment on account under their agreement *held* not waiver of the subcontractor's right to lien the property.

2. MECHANICS' LIENS—LIEN NOT INVALID FOR BILL OF PARTICULARS CONTAINING LIENABLE AND NONLIENABLE ITEMS, WHERE NOT INTERMINGLED.

The fact that the statement or bill of particulars attached thereto in mechanic's lien contains nonlienable as well as lienable items does not render the statement invalid, where the items are not inseparably intermingled.

3.  MECHANICS' LIENS—FILING CLAIM CONSTITUTES CAUTIONARY LIEN, ITS FINALITY DEPENDENT UPON WHETHER JUDGMENT OBTAINED.

Under 13 *Del. Laws*, c. 464, and amendments thereto, the filing of the claim for mechanic's lien is considered a cautionary lien, which being transcribed upon the docket forms the record of the claim, and the proceedings for its recovery is by scire facias or a rule to show cause why the amount of the lien should not be levied from the described property; its finality being dependent upon whether the judgment is eventually obtained.

4.  MECHANICS' LIENS—BILL OF PARTICULARS REQUIRED AS TO MATERIALS WHEN ORIGINAL ACTION IN ASSUMPSIT.

Where the original proceedings is in assumpsit, the filing of a bill of particulars in a mechanic's lien proceeding is required, under 13 *Del. Laws*, c. 464, and amendments thereto.

5.  MECHANICS' LIENS—FUNCTION OF BILL OF PARTICULARS TO ADVISE OPPOSITE PARTY OF PARTICULARS OF CLAIM.

The function of a bill of particulars in a mechanic's lien proceeding must be considered as an amplification of the pleading or statement intended to give to the opposite party the particulars of the claim, especially where such claim consists of items of work and labor, or where no express contract provided for the quantity and price of materials.

6.  MECHANICS' LIENS—SUBSEQUENT PLEADINGS CANNOT BE DIRECTED TO BILL OF PARTICULARS ALONE.

While a bill of particulars filed in a mechanic's lien proceeding is a part of the pleading with which it is connected, to the extent that it must relate thereto and be construed with reference thereto, yet it is in no sense such a component part of the record that subsequent pleadings may be directed to it alone.

7.  MECHANICS' LIENS—DEMURRER DOES NOT LIE TO BILL OF PARTICULARS.

A demurrer does not lie to a bill of particulars filed in a mechanic's lien proceeding.

8.  MECHANICS' LIENS—AMENDMENT TO BILL OF PARTICULARS DOES NOT AMEND PLEADING NOR CHANGE ISSUES.

An amendment to a bill of particulars filed in a mechanic's lien proceeding does not amend the pleading with which it is connected or change the issue raised by such pleading.

9.  MECHANICS' LIENS—OFFICE OF EXCEPTIONS TO POINT OUT DEFECTS IN STATEMENT RATHER THAN IN BILL OF PARTICULARS.

Exceptions in a mechanic's lien proceeding are strongly analogous to a demurrer, and their office is to point out defects in the statement itself, rather than in the particulars of such claim.

10.  MECHANICS' LIENS—GREATER PARTICULARITY OF UNINTELLIGENT OR INSUFFICIENT BILLS OF PARTICULARS MAY BE OBTAINED AS IN ORDINARY ASSUMPSIT ACTIONS.

Where the bill of particulars in a mechanic's lien proceeding are not intelligent or sufficient, the opposing party may, upon application, obtain greater particularity as in ordinary assumpsit actions.

11.  MECHANICS' LIENS—ENTIRE LIEN CANNOT BE STRICKEN BY EXCEPTIONS DIRECTED TO BILL OF PARTICULARS.

The entire claim in a mechanic's lien proceeding cannot be stricken out by exceptions directed to the bill of particulars.

12.  MECHANICS' LIENS—RECOVERY NOT DESTROYED BY FACT THAT IT IS BASED ON A QUANTUM MERUIT.

Where, in a mechanic's lien proceeding, the contract between the parties does not provide for a fixed compensation, the fact that any recovery by claimant would be based on a *quantum meruit* does not destroy the right to such recovery.

13.  MECHANICS' LIENS—MECHANICS' LIEN SUIT HELD IN NATURE OF ASSUMPSIT FOR PRICE AND VALUE OF WORK, LABOR, AND MATERIALS FURNISHED BY CLAIMANT.

A mechanic's lien suit is not an action on the written contract between the parties, but is one in the nature of assumpsit for the price and value of work, labor, and materials furnished by claimant.

(*December* 12, 1922.)

PENNEWILL, C. J., RICHARDS and RODNEY, J. J., sitting.

*William S. Hilles* for plaintiff.

*James I. Boyce* for defendants.

Superior Court for New Castle County, September Term, 1922.

Mechanic's lien, No. 27, September Term, 1922.

This case arose from exceptions being filed to a mechanics lien statement.  The lienor, on June 22, 1920, entered into a written contract with the contractor, Christiana Construction Company, providing for the erection of a sugar refinery and wharf in the City of Wilmington.  The sub-contractor, or lienor, was to furnish all the material and labor and make all expenditures necessary in such construction and was to receive the actual cost of such construction plus five per centum of the aggregate amount, the said five per cent. to represent the profit of the sub-contractor.

The subcontractor was also to furnish the necessary equipment for the construction of the refinery and wharf which should be paid for at current rental rates by the owner or original contractor. No percentage for the profit of the sub-contractor was to be added to the rental of equipment, fuel, maintenance, transportation or insurance cost. At the time the contract or agreement was executed there were delivered to the sub-contractor, as a first payment, three promissory notes of John J. Raskob endorsed by the original contractor, each for $50,000.00, and each payable six months after date. Subsequent payments were provided for in said agreement.

The sub-contractor proceeded with the work and with the mechanic's lien statement filed in this cause, filed a copy of the contract and two exhibits called "A" and "B". Exhibit "A" purports to show the particulars of the labor, materials and equipment furnished in connection with the erection of the wharf amounting to $129,584.31. To the payment of this amount was applied the proceeds of the three promissory notes of $50,000.00 each, the exhibit showing that $21,000.00 was returned to the original contractor and the balance of $807.18 remained on hand. Exhibit "B" contains the particulars of the claim against the sugar refinery amounting to $145,285.93. It is contended that this Bill of Particulars includes items lienable as well as non-lienable, and items which it is impossible to tell whether they are lienable or not.

To the mechanic's lien statement the following exceptions have been filed:

"(1) For that it appears from the contract annexed to the statement of claim and made a part thereof that the alleged work and labor done and materials furnished by the claimant were not for or on the credit of the said Sugar Refinery building or structure but were for or on the credit of three promissory notes of John J. Raskob, payable to Christiana Construction Company, a corporation of the State of Delaware, six months from date each for the sum of Fifty Thousand Dollars ($50,000.00) which notes were to be discounted by the claimant and the proceeds thereof credited

as a cash payment by the claimant on account of the said contract.

"(2)   For that it appears from the said contract annexed to the said statement of claim and made a part thereof that the claimant agreed to furnish not only work and labor and materials but also compensation and other insurance, a field office and incidental expenses in connection therewith and the necessary equipment for the construction of the said refinery and said wharf at current rental rates as shown by a certain alleged schedule and also fuel, maintenance, transportation of said equipment and insurance thereon, if any.

"(3)   For that it appears from the said statement of claim that the said contract inseparably included lienable and non-lienable   items.

"(4)   For that the said statement of claim and the bill of particulars thereto annexed contains many non-lienable items.

"(5)   For that it appears from the said statement of claim that the said claimant is entitled only to a quantum meruit.

"(6)   For that it appears from the said statement of claim that the said claimant is not entitled to five percent. of the aggregate of fuel, maintenance, transportation or insurance costs in connection with any equipment used for the construction of said refinery.

"(7)   For that the said statement of claim as to the alleged work and labor performed and the alleged materials furnished is uncertain, indefinite and inconsistent."

RODNEY, J., delivering the opinion of the Court:

[1]   By the first exception it is contended that the work and labor was not done nor the materials furnished on the credit of the building or structure but on the credit of three promissory notes of John J. Raskob, each for $50,000.00, and each payable six months after date, which were given to the contractor as a first payment on account of the contract.   It is, in effect, claimed that the acceptance of the notes was a waiver of the right to lien the property.   We cannot so construe such acceptance.   The amended statute (*Laws of Delaware, Vol. 29, page 728*)   provides

that "No person or persons * * * * * entitled to avail themselves of the lien herein provided for, shall be considered as waiving the same by granting a credit, or receiving notes or other securities, unless the same be received as payment, or the lien expressly waived, but the sole effect thereof shall be to prevent such person or persons from availing themselves of the liens herein provided for until the expiration of the time agreed upon." The contract between the parties relative to the giving of the notes is as follows:

"(4) It is agreed by and between the parties hereto that as a first payment to the party of the second part, the party of the first part shall and will, simultaneously with the execution hereof, deliver to the party of the second part three promissory notes of John J. Raskob, payable to the party of the first part, six months from date, each for the sum of Fifty Thousand Dollars ($50,000.00), which notes are to be discounted by the party of the second part, and the proceeds thereof credited as a cash payment by the party of the first part, on account of this contract. Subsequent payments shall be made by the party of the first part as the work progresses, and as called for by the party of the second part, upon reasonable notice given to the party of the first part."

It will be noted that the contract provides that the notes in question were given and accepted as a "first payment" to be credited as a cash payment "on account" of the contract which then provides for the making of subsequent payments. Even assuming that the notes were taken in *pro tanto* "payment", under the contract we are of the opinion that unless the payment by the notes was in full or in satisfaction of the contract price that the right to be a lien is not impaired although the amount of the lien might be diminished. In this case the contract was for two separate structures,—a wharf and a sugar refinery,—and the statement of the plaintiff shows the application of the proceeds of the notes to the cost of the wharf, for which no lien is claimed. The contention of the defendant if carried to a logical conclusion would mean that no mechanic's lien could be had where there had been a part payment in advance on account of the contract price.

In *Duncan Brothers v. Aaron*, 6 *Houst.* 566, the Court held that while the work must have been done and materials furnished on the credit of the building, yet releases given were only evidences

of *pro tanto* payment and that the lien would lie for the items furnished subsequent to the releases.

In *Pickering v. Day*, 3 *Houst.* 474, at 537, 95 *Am. Dec.* 291, the Court of errors and appeals held that if no specific appropriation of payments be made by the debtor at the time of making the payment, then the right of appropriation is devolved upon the creditor, and he may make it as he may think proper at any time before an account is settled between them or before action brought, provided such appropriation is not manifestly inequitable in respect to third persons. This principle was expressly adopted in a mechanic's lien proceeding in *McCartney, Kenney & Co. v. Buck*, 8 *Houst.* 34, at 46, 12 *Atl.* 717.

[2, 3]    The second, third and fourth exceptions suggest that the contract, statement or Bill of Particulars attached thereto either contain non-lienable items or that the lienable and non-lienable items are inseparably commingled. They will, therefore, be considered together. In *Perkins, Admr., v. Wilson*, 1 *Marv.* 196, 40 *Atl.* 950, it was held that the fact that a Bill of Particulars in mechanic's lien contained non-lienable as well as lienable items did not render the statement invalid where the items were not inseparably intermingled. In that case the items were not so intermingled. An intelligent discussion of the matter can only be had by a correct understanding of the functions of the statement, bill of particulars and exceptions. No express rules cover them and the statute is silent as to their purposes except as to the statement. It is an interesting fact that the first mechanic's lien act of 1861 (*Laws of Delaware, Vol.* 12, pp. 181 & 213) expressly provided for a Bill of Particulars accompanied by an affidavit setting out the grounds of claim. On these a writ of summons was issued "as in an action of assumpsit for work and labor or materials furnished." Subsequent proceedings as to judgment for want of affidavit of defense were had as in other actions accompanied by an affidavit of demand. The similarity between mechanic's liens and other actions was pointed out in the first case under the original act, *Capelle & Duncan v. Baker's Ex.*, 3 *Houst.* 344. This decision held that a judgment in mechanic's lien constituted a

judgment in *personam* against the defendant, binding his lands
generally together with a special statutory lien against the land
on which the buildings were erected. The following General As-
sembly changed the entire theory and purpose of the proceedings.
Under *Laws of Delaware, Vol.* 13, p. 448, and in all subsequent
amendments or substitutions, the filing of the claim is considered
as constituting a cautionary lien. This lien being transcribed upon
the Docket forms the "Record" of the claim and the proceeding
for its recovery is by *scire facias* or a rule to show cause why
the amount of the lien should not be levied from the described
property. The lien is cautionary,—its finality being dependent
upon the question whether or not judgment is eventually obtained.

[4-8] The original proceeding having been an action of as-
sumpsit and a Bill of Particulars being by it required, the practice
of filing a Bill of Particulars has been adhered to and, in fact, has
been required as to materials in all subsequent amendments or
substitutes. In *France v. Woolston,* 4 *Houst.* 557, the Court held,
after mechanic's lien had been made a *scire facias* action, that a Bill
of Particulars was not necessary where the materials had been
fully and expressly contracted for as to quantity and price. Its
office or function must, therefore, be considered as an amplifica-
tion of the pleading or statement intended to give to the opposite
party the particulars of the claim, especially where such claim con-
sisted of items of work and labor or where no express contract pro-
vided for the quantity and price of materials. While a Bill of
Particulars is a part of the pleading with which it is connected to
the extent that it must relate thereto and be construed with re-
ference to it, yet it is in no sense such a component part of the
record that subsequent pleadings may be directed to it alone. Its
office is to give notice of the particulars of the claim and for the
restriction of evidence. A demurrer does not lie to a Bill of Par-
ticulars, and an amendment of the Bill of Particulars does not amend
the pleading with which it is connected or change the issue raised
by such pleading. A declaration is no more demurrable after the
filing of a Bill of Particulars than it was before such filing. *Vila v.
Weston,* 33 *Conn.* 42; *Cicotte v. Wayne Co.,* 44 *Mich.* 173, 6 *N. W.*

236; *Columbia Acc. Ass'n v. Rockey*, 93 *Va.* 678, 25 *S. E.* 1009; *Dudley v. Duval*, 29 *Wash.* 528, 70 *Pac.* 68.

[9-11]  Exceptions in a mechanic's lien proceeding are strongly analogous to a demurrer, and their office is to point out defects in the statement itself rather than in the particulars of such claim. The particulars, as has been held, are sometimes dispensed with, and if those to which a party is entitled are not intelligible or sufficient he can upon application obtain greater particularity as in ordinary assumpsit actions, but he cannot by exceptions directed to a Bill of Particulars strike out the whole lien or claim. These exceptions must, therefore, be overruled.

[12, 13]  Applying the principle of the function of the exceptions as hereinbefore set out, and considering that the contract between the parties does not provide for a fixed compensation, we are of the opinion that the fact that any recovery by the claimant would be based on a *quantum meruit* does not destroy the right to such recovery. *Voightman v. Wil. Trust Bldg. Corp.*, 7 *Penn.* 265, 78 *Atl.* 920, and *Hawthorne v. Murray*, 3 *Boyce* 349, 84 *Atl.* 5, both hold that a mechanic's lien suit is not an action on the written contract between the parties, but is an action in the nature of an action of assumpsit for the price and value of work, labor and materials furnished by the claimant. The fifth exception must, therefore, be overruled.

The sixth exception goes rather to the amount of the lien to be recovered than to the question of the right to obtain a lien and cannot, therefore, be made the basis of a refusal of any lien.

The seventh exception is too general.

All of the exceptions are, therefore, overruled.