JOSEPH THOMAS *v.* EMIL PAUL GOLDHAHN, owner or reputed owner.

(*May* 20, 1929.)

PENNEWILL, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*Francis deH. Janvier* for plaintiff.

*William Prickett* for defendant.

Superior Court for New Castle County, No. 8, March Term, 1929.

RICHARDS, J., delivering the opinion of the court:

The defendant has filed exceptions to the statement of claim and bill of particulars in the above case, contending that they do

not disclose the nature and kind of work and labor, or the kind and amount of materials furnished by the plaintiff.

The statement filed is in the usual form.

It may be admitted that the work and labor done and materials furnished could have been set forth more fully in it, but when such statement is accompanied by a bill of particulars fully describing the work and labor done and materials furnished, as required by our practice, it complies with the terms of the statute. The first mechanics' lien law enacted in this State expressly provided for a bill of particulars accompanied by an affidavit setting out the grounds of claim (*Laws of Delaware, vol.* 12, *pp.* 181-213) and the practice established under that statute has been followed ever since, though the present statute only provides for a bill of particulars as to the kind and amount of materials furnished. *Laws of Delaware, vol.* 29, *page* 725, *c.* 225.

This practice of filing a bill of particulars having been adhered to so long it is now depended upon for a detailed statement of the facts.

Even though the statute now in force only provides for the filing of a bill of particulars when materials are furnished, the practice of filing one covering both work and labor performed and materials furnished has become so general in this State that it could not well be abandoned now.

By reason of the fact that the lienor depends upon the bill of particulars to amplify the statement, it should set forth the facts both with respect to the work and labor done and the materials furnished with sufficient particularity so that the interested parties can have no doubt what is intended to be covered.

Is that true of the bill of particulars filed in this case?

It is as follows:

Balance due on contract made on June 25, 1928, for general alterations and repairs to said building, totalling $1,565.75, and on which the sum of $100 was credited for work not desired, and the further sum of $1,400, has been paid _____ $65.75
Additional work for the tearing down and rebuilding of the front of said building and installing fireproof cinder block booth for moving picture machine in place of frame booth, and for alterations

to the front of the stage and raising screen, and for repairing floors and bricking window openings:

| | |
|---|---:|
| Carpenter work, 364 hrs. @ $1 | $364.00 |
| Carpenter's helper, 40 hrs. @ .60 | 24.00 |
| Labor, 64½ hrs. @ .60 | 32.25 |
| Bricklayer | 80.50 |
| Cost of Bldg. scaffold and materials | 70.00 |
| Paint material and brushes | 40.48 |
| Hauling dirt out of cellar | 15.00 |
| Lumber and brick materials and sand and cement and hardware | 304.00 |
| | $995.98 |

Work commenced June 28, 1928, and finished September 11, 1928. Lawful interest claimed from November 10, 1928.

Certainly the first item can be made more specific. Likewise the following items: "Bricklayer, cost of building scaffold and materials, paint material and brushes, hauling dirt out of cellar" and "lumber and brick materials and sand and cement and hardware."

An examination of the bill of particulars filed in other mechanics' lien proceedings discloses the fact that the portions thereof which dealt with materials, appeared to be a copy of the original book of entry, kept by the party furnishing such materials.

While it may not be possible to do this in every case, it should be possible to give some specific estimate of the amount and price of materials, also the time and price paid for labor.

Exceptions in a mechanics' lien proceeding are intended to perform the same function as a demurrer to a declaration; they are primarily directed to the statement and not to the bill of particulars accompanying it. As has been pointed out, under the present law, a bill of particulars is not required in every case, but under the established practice, one is always filed. If the bill of particulars filed is not intelligible or does not describe the work and labor done or materials furnished with sufficient particularity, the lienor should be required to file a new one describing said work and labor and materials more specifically.

We think the statement filed in the case before us is sufficient but that the bill of particulars should be amended so that it will more fully set forth the items of work and labor and materials intended to be covered.