WINKLE *v.* NEITZEL.

*In re* PETITION OF AUDITOR GENERAL.

1. TAXATION—GOOD-FAITH EFFORT TO PAY TAXES—MISTAKE.

Inquiry of landowner at tax collector's office concerning tax status of her property without presenting a description of the land including adjacent 25-foot strip to which title had recently been quieted in her and which she had used for driveway purposes for a considerable time but for which she had taken no steps to have the property properly assessed in her name did not constitute a good-faith effort to pay taxes equivalent to payment entitling her to certificate of error or cancellation of deed by auditor general since there was in fact no error by public officials involved (1 Comp. Laws 1929, §§ 3462, 3490, as amended by Act No. 234, Pub. Acts 1941).

2. SAME—SALE FOR NONPAYMENT—MISTAKE.

The right of the State to collect property taxes by sale of the property for nonpayment may not be defeated by the gratuitous acknowledgment of a nonexisting error by a public official (1 Comp. Laws 1929, §§ 3462, 3490, as amended by Act No. 234, Pub. Acts 1941).

Appeal from Oakland; Toms (Robert M.), J., presiding. Submitted January 8, 1943. (Docket No. 71, Calendar No. 42,249.) Decided April 6, 1943.

Bill by Dorothy D. Winkle against Emma Neitzel, the State Land Office Board, Ben B. Williams, and Luella Williams, his wife, for cancellation of a deed, for a conveyance of property to plaintiff, and for other relief. Accompanying petition by plaintiff against Vernon J. Brown, Auditor General, and the other defendants for order to show cause why sale

of land for delinquent taxes should not be cancelled and the Auditor General be directed to issue a certificate of error. Decree for defendants. Plaintiff appeals. Affirmed.

*Glenn C. Gillespie,* for plaintiff.

*Samuel H. Rubin,* for defendant Emma Neitzel.

*Alan J. Stone,* for defendant Williams.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Elbern Parsons,* Assistant Attorney General, for defendants Auditor General and State Land Office Board.

CHANDLER, J.  Plaintiff for a number of years has owned a parcel of land in Oakland county.  The premises appeared on the tax roll under three separate descriptions, one of which comprised some 2.41 acres of land described by metes and bounds.  Adjacent to the west of this parcel was a strip of land 50 feet in width and approximately 200 feet in length, part of which had been used by plaintiff for a considerable time for driveway purposes.  On December 11, 1939, plaintiff received a decree in the circuit court for Oakland county quieting title to the premises owned by her, including the east 25 feet of the 50-foot strip above mentioned.

In 1940, plaintiff received knowledge that a tax sale was to be held relative to real estate located in the county and she thereupon, together with her husband, went to the office of the county treasurer for the purpose of checking the tax status on the land owned by her.  Although her husband testified that the clerk in the treasurer's office was given either old tax receipts or a copy of the decree quieting title, it is apparent to us from the record that

the decree was not presented at that time. The clerk stated that she was familiar with plaintiff's property and that it would take about a week to check the taxes for years prior to 1939 and it was agreed that she would subsequently advise plaintiff as to the results of her search. A few days later, plaintiff received three tax statements from the treasurer's office describing the property with the exception of the 25 feet in question, the first of the statements bearing the following note: "I have checked all delinquent rolls and sales books and cannot find anything due on this property." As a matter of fact, the 25-foot strip owned by plaintiff had been sold to the State at the tax sale held in May, 1938, for nonpayment of the 1936 tax.

From the record, it appears that the reason the treasurer's office did not include the 25-foot strip in the tax search is because it had been assessed, together with the west 25 feet of the 50-foot strip, to an unnamed owner. This fact, however, did not become apparent until the time of the trial.

In 1941, plaintiff learned that defendant Neitzel was claiming to be the owner of the 25-foot strip and upon investigation she discovered that the premises had been sold by the State land office board. In June, 1941, plaintiff, upon learning these facts, again went to the county treasurer's office to discuss the question and obtained a letter, directed to the auditor general and also presented to the State land office board, to the effect that plaintiff had attempted to pay delinquent taxes on the property but, through oversight, the 25-foot strip had been overlooked.

A deed was issued to defendant Neitzel by the State land office board on April 25, 1941, and efforts of that office to induce Mrs. Neitzel to reconvey the property failed, and she recorded her deed a few

days after she had been requested to return it. Plaintiff did not know that the land had been conveyed to defendants Williams until defendant Neitzel filed her answer to the bill of complaint herein, whereupon the bill was amended and Mr. and Mrs. Williams were made party defendants.

The bill of complaint, as amended, prayed for cancellation of the deeds from the State land office board to Neitzel and from Neitzel to Mr. and Mrs. Williams. The board moved to dismiss the bill on the ground that it constituted a collateral attack upon the decree entered in the petition of the auditor general in connection with the tax sale. Plaintiff then filed a petition in the tax proceeding for the cancellation of the sale and an order directing the auditor general to issue a certificate of error setting aside the sale. The trial court entered a decree dismissing the bill of complaint, and denied the petition filed in the tax proceeding. Plaintiff appeals.

The bill of complaint and the petition were heard together. Whether plaintiff is entitled to have the sale set aside under the bill or petition (See 1 Comp. Laws 1929, § 3462, as amended by Act No. 234, Pub. Acts 1941 [Comp. Laws Supp. 1942, § 3462, Stat. Ann. 1942 Cum. Supp. § 7.115]; 1 Comp. Laws 1929, § 3490, as amended by Act No. 234, Pub. Acts 1941 [Comp. Laws Supp. 1942, § 3490, Stat. Ann. 1942 Cum. Supp. § 7.151]) obviously depends upon whether or not there was an error occurring on the part of the county treasurer's office when plaintiff made inquiry concerning the tax status of her property. Plaintiff cites many cases to the effect that where a land owner makes a good-faith effort to pay taxes but is prevented from so doing by the mistake of the tax-receiving officer, such attempt is equivalent to payment (*Kneeland* v. *Wood,* 117

Mich. 174), and claims that this rule applies to the instant case.

However, it fairly appears that when plaintiff inquired about her taxes she presented no description of the land in question to the clerk in the county treasurer's office. When the clerk said she was familiar with the property she obviously referred to the descriptions presented and would have no way of knowing that the 25-foot strip, assessed on the rolls to an unknown owner, belonged to plaintiff. Plaintiff took no steps to have the property properly assessed in her name, the record showing only that she had some conversation with one of the supervisors of the county in May or June of 1941, shortly before this suit was instituted, and then with a supervisor of another township.

Although the result may be unfortunate as far as plaintiff is concerned, if any mistake, error, or neglect has occurred resulting in the loss of her property, it is of her own creation and not that of any public official as far as the record shows.

The right of the State to collect the tax in the manner which was followed cannot be defeated by the gratuitous acknowledgment of a nonexisting error by a public official as found in the letter of the county treasurer to the auditor general and in the attempts of the State land office board to secure a reconveyance of the property from the purchaser.

The decree dismissing the bill and denying the petition is affirmed, with costs to appellees.

Boyles, C. J., and North, Starr, Wiest, Butzel, Bushnell, and Sharpe, JJ., concurred.