MARIO DELUCA v. GUIDO R. MARTELLI, also known as G. R. Martelli and MARY I. MARTELLI, his wife, CHARLES L. DUNN and JANE D. DUNN, his wife; WILLIAM S. ALBERT and KATHLEEN R. ALBERT, his wife, and JOHN C. PECIS and KATHLEEN E. PECIS, his wife, present owners or reputed owners.

(*March* 24, 1964.)

CHRISTIE, J., sitting.

*Jacob Balick,* attorney for plaintiff.

*O. Francis Biondi,* attorney for moving defendants.

Superior Court for New Castle County, No. 1270, Civil Action, 1962.

CHRISTIE, Judge.

Plaintiff alleges that, pursuant to a contract with defendant Martelli, he performed services connected with the construction of houses on land then owned by Martelli, but now owned by the moving defendants who purchased from Martelli. Not having been paid for these services, plaintiff seeks in this action to obtain a personal judgment against Martelli for the whole sum alleged to be due and to enforce a mechanics lien as provided by Title 25 of the *Delaware Code* against the properties owned by each of the other defendants for a pro rata amount of the total claim.

The defendants who own the real property in question have moved for judgment on the pleadings as to the mechanics liens, contending the plaintiff's complaint does

not state a claim upon which such relief can be granted because a legally sufficient bill of particulars is not included therewith as required by Sections 2712(b) (4).

Section 2712(b) (4) reads as follows:

"(b)   The complaint and/or statement of claim shall set forth * * *

"(4)   The amount claimed to be due, the nature and kind of the labor done or materials furnished, with a bill of particulars annexed, showing the kind and amount of labor done or materials furnished."

The bill of particulars reads as follows:

Claimant-Plaintiff's claim against the defendants' buildings and lots for labor furnished is as follows:

*Lot 7, Block P, Sharpley*, located on Ashford Drive Supervisory services, including but not limited to staking out the house, determining type of excavation and supervising such excavating and supervising the operation of all crafts ................................................................................ $950.00
Received on Account ................................................ 200.00

Balance Due .............................................. $750.00

*Lot 20, Block O, Sharpley*, located on Ashford Drive Supervisory services, including but not limited to staking out the house, determining type of excavation and supervising such excavating and supervising the operation of all crafts ................................................................................ $850.00
Received on Account ................................................ 100.00

Balance Due .............................................. $750.00

*Lot 22, Block O, Sharpley,* located on Ashford Drive Supervisory services, including but not limited to staking out the house, determining type of excavation and supervising such excavating and supervising the operation of all crafts ............................................................... $700.00

Received on Account ............................................. 100.00

Balance Due .................................................... $600.00

██ ██ The function of the bill of particulars is to inform the defendants of the basis for the plaintiff's claim. It should be a detailed statement of the facts and must set forth the facts upon which plaintiff bases his claim with sufficient particularity that the interested parties can have no doubt as to the details of the claim. *Thomas v. Goldhahn,* 4 W.W.Harr. 595, 156 A. 363, (Superior Ct.1929).

The bill of particulars filed in this case fails to provide answers to pertinent questions which are essential to evaluate plaintiff's claim. In particular, it fails to disclose how plaintiff arrived at the amount which he claims to be due in each case. Was the claim based on an hourly or a daily rate or a formula contained in a contract? We do not know, nor can we determine the answer by studying the bill of particulars.

██ ██ It is a well known rule, stated in many cases, that the provisions of a mechanics lien statute must be strictly construed. See, e.g., *E. J. Hollingsworth Co. v. Continental Diamond Fiber Co.,* 6 W.W.Harr. 303, 175 A. 266 (Superior Ct.1934). The statute requires that the bill of particulars specify the kind and amount of labor done.

The bill of particulars filed by plaintiff in this case fails to meet the requirements of 25 *Del. Code* § 2712(b) (4). A more specific statement as to the labor performed is required.

The pivotal question remaining to be decided is whether or not the bill of particulars may be amended.

An amendment to a statement of claim in mechanics lien proceedings is not generally allowed after the expiration of the time for filing of the statement. *E. J. Hollingsworth Co. v. Continental Diamond Fiber Co.*, 6 W.W.Harr. 303, 175 A. 266 (Superior Ct.1934) ; *Greenhouse v. Duncan Village Corp.*, Del., 184 A.2d 479 (Superior Ct.1962). See also *Hance Hardware Co. v. Howard*, 1 Terry 199, 8 A.2d 26 (Superior Ct. 1939) where under the old rules this Court refused to permit an amendment to an affidavit of defense in a case involving a promissory note.

The question of whether a bill of particulars is a part of a statement of claim was before the Court in *Armstrong & Latta Co. v. Wilmington Sugar Refining Co.*, 2 W.W.Harr. 125, 120 A. 94 (Superior Ct.1922). In that case the Court held that a bill of particulars was a part of the pleading and must be construed with the pleading, but it said that a demurrer does not lie to a bill of particulars and an amendment to the bill of particulars was not treated as an amendment to the pleading. Thus, an amendment was allowed. The Armstrong case was decided under 29 Del.Laws, Chap. 225 which required a bill of particulars only as to materials to be included in the statement of claim. It is not clear in that case whether the bill of particulars there amended was required by statute. It is difficult to believe, however, that the Court would have rendered a reported decision as to the amendment of a bill of particulars which was optional surplus-

age. It is obvious that the bill of particulars was either required by the statute or otherwise deemed essential to plaintiff's case.

I conclude that the problem before the court in the Armstrong case was roughly parallel to the problem before me now.

In 1922 that problem was resolved in favor of amendment. Since that time the entire field of pleadings have undergone revolutionary changes. The Courts now have rules which encourage notice pleading and do not require pleading of technical exactitude. Even where stringent requirements survive as to the content of a pleading, amendments to cure defects in pleadings are often permitted. A modern judge looks with disfavor upon the loss of substantive rights on account of procedural errors if such errors may be reasonably corrected without serious prejudice.

Although the courts have adhered to the technical requirements as to the extraordinary remedy afforded by the mechanics liens statutes, the modern approach toward pleading has found its way into this field of the law. Particularly significant is the dicta of the Supreme Court in *Oscar George, Inc. v. Potts*, 10 Terry 295, 115 A.2d 479 (1955) which strongly suggests that a liberal attitude toward amendments to affidavits accompanying pleadings should carry over to affidavits used in mechanics lien actions.

In *Westinghouse Electric Supply Co. v. Franklin Institute*, 2 Terry 319, 21 A.2d 204 (Superior Ct.1941) it was indicated that plaintiff subcontractor could add the general contractor, previously mentioned only in the body of the pleadings, as a party defendant after the time for filing an original mechanics lien action had expired. See

also *Console Master Speaker Corp. v. Muskegon Wood Products Corporation,* 4 W.W.Harr. 1, 141 A. 109 (Superior Ct.1928) quoted with favor by the Supreme Court in 1955 in the Oscar George case, supra. In the Console case an amendment to an affidavit in a foreign attachment suit was permitted and earlier cases to the contrary were distinguished.

In the case of *Erect-Rite Construction Co. Inc. v. De Chellis,* et al. Del., 193 A.2d 545 (Superior Ct.1963) this Court discusses notice pleading in an evaluation of the sufficiency of a statement of claim in a mechanics lien case and the decision therein rests on an application of Rules of the Superior Court generally applicable to all types of actions.

In the case of *Delaware Valley Applicators, Inc. et al. v. Robert P. Leonard et al.* (unreported decision by Judge Stiftel, dated February 8, 1963, 1143 Civil Action, 1961, New Castle County) plaintiff's statement of claim in a mechanics lien action lacked detail. It was not accompanied by a bill of particulars. Judge Stiftel there held that the allegations in the statement of claim met the minimum requirements of the statute without the aid of a bill of particulars but he went on to require an amendment to give defendants greater detail. In *Thomas v. Goldhahn,* 4 W.W.Harr. 595, 156 A. 363 (Superior Ct.1929) the Court held that firmly established practice required a more detailed bill of particulars than did the statute and plaintiff was ordered to amend his bill of particulars to be more specific.

From the Delaware cases I conclude that when a special remedy such as a mechanics lien or an attachment is sought, the Court seldom finds grounds to permit an amendment to the pleadings, but amendments to essential

affidavits are sometimes permitted or even required in the discretion of the Court.

It is probable that some of the strict statutory requirements and procedural rules as to pleadings and amendments thereto in connection with special remedies should be relaxed and modernized. Meanwhile, there is no reason to extend such rules to logical extremes which were deemed inappropriate in 1922.

■ The amendment which plaintiff seeks to file in this case in no way changes the basic claim. Such an amendment is necessary because the moving defendants insist on greater detail. The moving defendants are entitled to greater detail but they are in no way prejudiced by reason of getting such detail now rather than with the original bill of particulars. There is no persuasive reason for the court to exercise its discretion against the application to amend.

The moving defendants' motion for judgment on the pleadings as they now stand is granted with leave to plaintiff to amend the bill of particulars.