**John TRADER, Defendant Below, Appellant,**

v.

**GRAMPP BUILDERS, INC., a Delaware corporation, Plaintiff Below, Appellee.**

Superior Court of Delaware, Kent.

Feb. 26, 1970.

A. Richard Barros, of Brown, Shiels & Barros, Dover, for defendant below, appellant.

Nicholas H. Rodriguez, of Schmittinger & Rodriguez, Dover, for plaintiff below, appellee.

OPINION

STOREY, Judge.

This is an appeal by defendant owner from a decision of the Court of Common Pleas awarding plaintiff builder two-thirds of the amount claimed under an agreement for construction of a barn roof, and denying defendant's counterclaim for recoupment of the cost of materials furnished and removal of the building as completed. Evidence below indicated an agreement whereby plaintiff was to supply the labor and defendant the materials for construction of a barn roof on defendant's foundation. Although during the course of construction defendant advanced $400.00 to plaintiff, upon completion of the roof defendant refused to pay the balance due, alleging defects in workmanship in the construction of the roof. To plaintiff's claim of $787.00 for the balance due, defendant counterclaimed for $1,000.00, said sum representing the cost to defendant of the material provided and removal of the structure as built by plaintiff. Included in the evidence at trial was the testimony of both parties to the controversy. Plaintiff's president testified that there were no plans for

the structure nor any specifications provided, that defendant was present at the job site daily making specific requests concerning construction, that these and other requests concerning alleged defects were complied with, and that except for the $400.00, he had not been paid. Defendant testified that, although he had some building experience, he did not direct the construction, that the roof, upon completion, leaked due to improper spacing and plumbing of the rafters, that the doors did not fit and that in general the workmanship was so faulty as to render the barn unusable and require its removal and reconstruction. In rendering its decision, the Court of Common Pleas stated that it had considered the following factors: That defendant had some building experience and had rendered some inspection, correction and supervision; that there had been no repairs to the barn for a whole year; and that the building was not built in the best or proper workmanlike manner.

The issue in this case is whether a builder whose product contains defects in workmanship is barred from recovery under a construction contract when the owner of the object of the contract has participated in inspection, correction and supervision of the construction and where the object of the contract has been used without repairs by the owner for a year?

Although a builder may not have satisfactorily performed a construction contract in every particular, "the American courts are united in holding that a substantial performance of a building or construction contract will support a recovery * * *", 13 Am.Jur.2d 44, Building and Construction Contracts, Sec. 41. That Delaware likewise follows this rule is indicated by the language in headnote 8 of Hawthorne v. Murray, 3 Boyce 349, 84 A. 5, 6 (Del.Super. 1912):

"Where a building contractor furnishes work, labor, and material of use to the owner, though inferior to that agreed upon, he may recover their reasonable worth subject to a deduction for damages suffered by the owner from the noncompliance with the contract."

See also Bye v. George W. McCaulley & Son Co., 7 Pennewill 115, 76 A. 621, 623 (Del.Super.1908). As further stated in Sec. 43, 13 Am.Jur.2d 46, Building and Construction Contracts:

"While it is difficult to state what the term 'substantial performance' or 'substantial compliance' as applied to building and construction contracts means, inasmuch as the term is a relative one and the extent of the nonperformance must be viewed in relation to the full performance promised, it may be stated generally that there is substantial performance of such a contract where all the essentials necessary to the full accomplishment of the purposes for which the thing contracted for has been constructed are performed with such an approximation to complete performance that the owner obtains substantially what is called for by the contract."

\*      \*      \*      \*      \*      \*

"In the last analysis, the question as to whether there has been substantial performance is one of fact for the trier of fact. * * *"

The Court of Common Pleas, as the trier of fact and after consideration of the degree of inspection, correction and supervision by defendant as well as failure to repair the barn for a year, found substantial performance on the part of plaintiff and awarded judgment less damages for faulty workmanship. It appears to this Court that there is sufficient evidence in the record to support the findings of fact made by the Court below, and that that Court's application of the law to those facts was not incorrect. Accordingly, the Court of Common Pleas' judgment for plaintiff in the amount of two-thirds of the amount prayed for is affirmed.

It is so ordered.