# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KENNETH TALLEY and )
JANICE TALLEY, )
                               )
         Plaintiffs, )
                               )
     v.                         )      C.A. No. S23L-03-002 RHR
                               )
DARREN HORN and )
JUDITH HORN, )
                               )
         Defendants. )

Submitted: June 1, 2023
Decided: July 25, 2023

*Upon Defendants' Motion to Dismiss Complaint for Mechanic's Lien,*
**GRANTED.**

*Upon Defendants' Motion for Rule 11 Sanctions and Attorney's Fees,*
**DENIED.**

## <u>ORDER</u>

AND NOW, this 25th day of July, 2023, upon consideration of Plaintiffs' Complaint and Statement of Claim for Mechanic's Lien, Defendants' Motion to Dismiss Complaint for Mechanic's Lien and Motion for Rule 11 Sanctions and Attorney's Fees, and Plaintiffs' Answering Brief, it appears to the court that:

1. The Complaint does not provide much background information, but a detailed history of the relationship between the parties is set out in the Court of

Chancery's Master's Report in *Talley v. Horn*.[1] Plaintiffs, Kenneth and Janice Talley (the "Talleys"), are the parents of Defendant Judith Horn, who is married to Defendant Darren Horn (together, the "Horns"). The Horns purchased property located at 28289 Broadkill Road in Milton, Delaware (the "Property") in 1989 so that the Talleys would have a place to live.[2] The parties intended that the Talleys would eventually buy the Property from the Horns and through the years there were discussions about purchasing it, but that did not happen, and the Horns have continued to own the Property.[3] The house is presently occupied by Kenneth, his daughter Kristina Talley, and her friend, Kurt Costello.[4] The Master's Report notes that the Horns paid the down payment on the Property, paid off the mortgage early in 1999, and paid for various repairs through the years; the Talleys paid the monthly mortgage payments until the mortgage was paid off, paid certain bills related to the Property, and made various improvements on the Property.[5]

2.      The Talleys have filed various actions against the Horns in multiple courts. After unsuccessful (and in some cases, still pending) attempts for relief in the

---

[1] *Talley v. Horn*, 2022 WL 4963256 (Del. Ch. Oct. 4, 2022).
[2] *Id*. at *1.
[3] *Id*. at *2.
[4] *Id*. at *3.
[5] *Id*. at *2.

Justice of the Peace Court,[6] the Court of Chancery,[7] Family Court,[8] this court,[9] the Delaware Supreme Court,[10] and federal District Court,[11] Plaintiffs are now attempting a new strategy by filing a mechanic's lien against Defendants seeking $330,586.00 for work Kenneth Talley allegedly performed on eight different properties—seven of which are in other states—from 1985 to the present.

3. The present action arose on March 2, 2023, when the Talleys filed a Complaint and Statement of Claim for a Mechanic's Lien ("Complaint") in this court.[12] The Horns filed a Motion to Dismiss Complaint for Mechanic's Lien and a Motion for Rule 11 Sanctions and Attorney's Fees on March 22, 2023.[13] On March 28, 2023, I circulated a Letter Order allowing thirty days for the Talleys to respond to Horns' motion.[14] The Talleys' Answering Brief was submitted on April 28, 2023.[15] The Horns did not file a Reply Brief.

---

[6] The Talleys reference three landlord-tenant actions: JP17-22-004586; JP17-22-004544; JP17-22-004487. And, there appears to be a fourth action on the court's docket: JP17-20-002965.

[7] *Talley v. Horn*, 2022 WL 4963256 (Del. Ch. Oct. 4, 2022).

[8] Plaintiffs' Answering Brief states Kenneth Talley has filed four separate Protection from Abuse petitions in Family Court. Pl. Answer Br. Mot. Dismiss Compl. and Rule 11 Sanctions at 7, Apr. 28, 2023 (hereinafter "Pl. Answer") (D.I. 7).

[9] *Talley v. Horn*, S22C-12-007 MHC and *Talley v. Horn*, S22C-12-013 MHC.

[10] *Talley v. Horn*, 277 A.3d 937 (Del. 2022) (Table).

[11] *Talley v. Horn*, C.A. No: 23-324-MN.

[12] Pl. Compl., Mar. 2, 2023 (D.I. 1).

[13] Def. Mot. Dismiss Compl. and Mot. Rule 11 Sanctions, Mar. 22, 2023 (hereinafter "Def. Mot.") (D.I. 4).

[14] Letter Order, *Talley v. Horn*, C.A. No: S23L-03-002 RHR (Del. Super. Mar. 28, 2023) (D.I. 6).

[15] Pl. Answer.

4. The Talleys claim that Kenneth Talley is a highly skilled craftsman, laborer, and mechanic who is entitled to labor and material fees owed to him by Horns.[16] The Talleys ask this court for various forms of relief, including: i) to amend previous judgments of this court to reflect that their requested relief has been awarded; ii) to award them payment for labor and materials owed; iii) to award them legal title to the Property; iv) to issue a *writ of scire facias* ordering that a lien be placed on the Property; and v) to award them injunctive relief enjoining the Horns from continued harm to the Talleys.[17]

5. The Horns point out that the instant Complaint follows the adverse decision rendered against the Talleys in an ejectment action between the parties and claim that the Complaint is frivolous.[18] The Horns contend that the Talleys' claims fail for two reasons. First, part of the requested relief relates to property and land improvements located outside the State of Delaware and this court does not have jurisdiction over property located outside the state. Second, the Complaint does not comply with multiple statutory requirements for a mechanic's lien.[19] Furthermore, the Horns argue that the Talleys are abusing the judicial system by bringing frivolous claims and wasting scarce judicial resources.[20] The Horns ask this court to grant their

---

[16] Janice Talley submits to the court that she acted as Kenneth Talley's witness and record keeper to the work he completed for the Horns. Pl. Compl. at 3.
[17] Pl. Compl. at 7-8.
[18] Def. Mot. at 1-2
[19] *Id.* at 6.
[20] *Id.* at 17.

motion to dismiss with prejudice, to issue sanctions, and to award legal fees for the Talleys' disingenuous conduct.[21]

6. When considering a motion to dismiss, the court must determine whether there any facts that could be proven to support the claims made in the complaint such that the plaintiff would be entitled to relief.[22] The burden rests with the moving party.[23] The court shall take all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party.[24] The court will accept vague allegations as well-pleaded if they give notice to the opposing party as to the claim; however, the court must ignore conclusory allegations that lack specific supporting factual allegations.[25]

7. As a preliminary matter, the Horns are correct that this court has no jurisdiction to enter a mechanic's lien against property that is not in Delaware.[26] Therefore, the claims against the properties in Westmoreland, New Hampshire; Phillipsburg, New Jersey; West Chesterfield, New Hampshire; Califon, New Jersey; Spofford, New Hampshire; Lebanon, New Jersey; and Columbia, South Carolina are dismissed.

---

[21] *Id.* at 17, 21.
[22] Super. Ct. Civ. R. 12(b)(6).
[23] *Id. See also Jeanbaptiste v. Clarios, LLC.*, 2020 WL 2375047, at *1 (Del. Super. May. 11, 2020) (citations omitted).
[24] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Hldg. LLC.*, 27 A.3d 531, 536-37 (Del. 2011).
[25] *Id.*
[26] *Geo-Technology Assoc. v. Cap. Station Dover,* LLC, 2020 WL 2557139, at *4 (Del. Super. May 15, 2020).

5

8.      As to the remaining claim involving the Property, the Complaint alleges that Kenneth Talley completed eighty-seven hours of labor per year over thirty-four years, from 1989-2023.[27] A spreadsheet attached to the Complaint states that the work completed totals $167,701.00 for labor, supplies, and planning.[28]

9.      Title 25 Section 2712 of the Delaware Code sets forth the pleading requirements for a mechanic's lien.[29] A mechanic's lien claim is an *in rem* action, entirely statutory in nature, and demands a claimant to be in strict compliance with each requirement.[30] "A statement of a claim which fails to meet the requirements of the statute is insufficient to warrant the entry of a mechanic's lien."[31]

10.     There are many technical flaws to the Talleys' Complaint. First, there is no contract for the work Kenneth Talley alleges to have completed attached to the Complaint and there is no acceptable bill of particulars that details the labor done or materials furnished. Instead, the Talleys attached a retroactively created spreadsheet titled, "BILL OF PARTICULARS – Pricing Task List by Location." This attempt

---

[27] *Id.* at 4.

[28] The line items are titled: "GROUND & ENGINEERING; LANDSCAPING; MECHANICAL AND ELECTRICAL; STRUCTURES; WATER, SEWER & WATERMAINS." In Exhibit A to the Complaint, the line items listed above are broken down further into subcategories giving a more finite depiction of the work allegedly completed by Kenneth Talley. *Id.* at 6.

[29] *See* 25 *Del. C.* § 2712.

[30] *Geo-Technology Assoc.*, 2020 WL 2557139, at *4 (citing *Iannotti v. Kalmbacher*, 156 A. 366, 367 (Del. Super. 1931); *Gray's Landing Dev., LLC, v. Blackston Cove Dev., LLC*, 2023 WL 2609633, at *3 (Del. Super. Mar. 21, 2023) (citing *Builders' Choice, Inc. v. Venzon*, 672 A.2d 1, 2 (Del. 1995).

[31] *Builders' Choice, Inc.*, 672 A.2d at 4.

falls short of the statutory requirements. The law requires "a detailed statement of the facts" and must "set forth the facts upon which the plaintiff bases [the claim] with sufficient particularity" to ensure that interested parties can clearly ascertain the details of the claim.[32] The Complaint asserts conclusory figures with no support to justify the claims. In *Deluca v. Martelli*, this court held that the plaintiff's failure to disclose pertinent facts—such as how the plaintiff arrived at each amount claimed to be due—fails to satisfy the strict pleading requirements of 25 *Del. C.* § 2712(b)(4).[33]

11.    The affidavit is also flawed, which provides a separate and independent basis for dismissal. Instead of stating that the facts set forth within the Complaint are "true and correct," the affidavit signed by Kenneth Talley states, "[the] written statement is true to the best of my information, knowledge, data, and records."[34] Under Delaware law, an affidavit in support of a mechanic's lien fails to be in strict compliance with 25 *Del. C.* § 2712(c) when the affiant swears "to the best of his knowledge and belief" instead of the statutory requirement that the facts attested to are "true and correct."[35] This court recently considered a similarly-worded affidavit

---

[32] *Deluca v. Martelli*, 200 A.2d 825, 826 (Del. 1964). *See also Capossere v. Levine*, 2008 WL 484442, at *3 (Del. Super. Feb. 20, 2008) (holding that detailing the dates of the agreements, the type of work contracted for, the cost of labor and materials, as well as attaching copies of invoices that coincide with the agreements was sufficient to put the defendant on notice of the factual bases of the plaintiff's claim).

[33] 200 A.2d at 826-27.

[34] *See* Ex. A, Pl. Compl., Mar. 2, 2023 (D.I. 1).

[35] *See Millwork Corp. v. Harrington*, 2002 WL 31045223, at *3 (Del. Super. Sept. 12, 2002).

in *Gray's Landing Development, LLC v. Blackston Cove*,[36] and found that the qualifying language, "the facts and allegations set forth therein are true and correct to the best of [plaintiff's] knowledge," was defective.[37] Because the Plaintiffs' affidavit fails to comply with the pleading requirements set forth by 25 *Del. C.* § 2712(c), it is insufficient to support a mechanic's lien.

12.    As previously noted, to successfully maintain a claim for a mechanic's lien one must be in strict compliance with 25 *Del. C.* § 2712. This Complaint is far from being in strict compliance. Therefore, the Horns' Motion to Dismiss Plaintiff's Complaint for Mechanic's Lien is **GRANTED.**

13.    Along with their motion to dismiss, the Horns also filed a request for Rule 11 sanctions and attorney's fees. The Horns submit that the Talleys are abusing the judicial system and have filed a series of frivolous and vexatious pleadings without any factual or legal basis.

14.    Under Superior Court Civil Rule 11, sanctions may be imposed when the court is reasonably confident that the subject attorney or party does not have an objective good faith belief in the legitimacy of a claim or defense.[38] Delaware courts rarely impose Rule 11 sanctions and subjective leniency is afforded to *pro se*

---

[36] 2023 WL 2609633.
[37] *Id.* at *9.
[38] *McLeod v. McLeod*, 2015 WL 1477968, at *1 (Del. Super. Mar. 31, 2015); Super. Ct. Civ. R. 11.

litigants in presenting their case.[39] "Objective good faith requires that the conduct of the party was objectively reasonable, regardless of the subjective mental states or intentions of the actor himself."[40]

15.    Despite the Horns' claims—that the Talleys' Complaint fails to assert a legitimate factual or legal basis to support the claims for a mechanic's lien and that the filing is vexatious and unsubstantiated—I do not believe Rule 11 sanctions are warranted at this time. While the Talleys seem to be exhausting all their legal avenues to either retain possession of, or receive compensation in lieu of possession of, the Property, based upon the information alleged in the Complaint, I do not find the Complaint to be objectively unreasonable. The Court of Chancery Master's Report recites various improvements the Talleys made to the house while they occupied it.[41] Because the filing of the mechanic's lien follows this court's February decision to grant the Horns' ejectment request, the timing and intent behind the Complaint are duly noted by this court. However, from an objective reasonableness standard, the Talleys' claims are plausible despite the failure to comply with the statutory requirements. Therefore, the Horns' Motion for Rule 11 Sanctions and Attorney's Fees is **DENIED.**

---

[39] *McLeod*, 2015 WL 1477968, at *1. *See also Draper v. Medical Center of Delaware*, 767 A.2d 796, 799 (Del. 2001) (emphasizing that reasonable leniency for *pro se* litigants is warranted; however, there is no different set of rules that apply for which the court is to sacrifice the order and efficiency of justice).
[40] *McLeod*, 2015 WL 1477968, at *1.
[41] *Talley v. Horn*, 2022 WL 4963256 at *2 n.10 (Del. Ch. Oct. 4, 2022).

**IT IS SO ORDERED.**

_/s/Robert H. Robinson, Jr._
Robert H. Robinson, Jr., Judge

cc: File & ServeXpress