HANCE HARDWARE COMPANY *v.* WALTER F. HOWARD.

*(April* 10, 1939.)

RICHARDS and TERRY, J. J., sitting.

*William Prickett* for plaintiff.

*Albert L. Simon* for defendant.

Superior Court for New Castle County, No. 28, March Term, 1939.

TERRY, J., delivering the opinion of the Court:

We shall first determine the sufficiency of the affidavit of defense as filed.

The procedure under *Section* 4648 of the *Rev. Code of Del.*, 1935, dealing with affidavits of demand and defense, is of a summary nature wherein the rights or advantages accruing to the parties are wholly statutory and technical in their scope.

At Common Law such procedure as set out under *Section* 4648 aforesaid did not exist wherein summary or snap judgments could be obtained by a plaintiff to an action. However, the Legislature in its wisdom prescribed a manner as set out under this statute for a plaintiff to obtain such a judgment, having in mind, it is presumed, to prohibit delay in the determination of cases wherein there is no legal defense.

In adopting this type of procedure, the Legislature sought to protect the defendant by permitting him to file his affidavit of defense wherein it imposed the duty upon him not only to aver that he verily believed that he has a legal defense to the whole or part of the cause of action in said suit, but that he must state therein the nature and character of the defense.

It has been repeatedly *held* by our Courts that conclusions of law standing alone unsupported by facts are insufficient. *Frantz v. Templeman Oil Corp.*, 3 *W. W. Harr.* (33 *Del.*) 221, 134 *A.* 47; *Mobile Cotton Mills v. Smyrna Shirt & Hosiery Co.*, 5 *Penn.* 518, 62 *A.* 146.

It is not necessary under the statute in filing an affidavit of defense to aver in any particular set form of words the essential facts which constitute the defense.

The purpose for filing the affidavit of defense is merely to prevent a summary or snap judgment, and when its terms set forth to reasonable understanding the

matters which, if true, would constitute a defense, it is sufficient.

The affidavit should state facts *prima facie* showing a good defense, and an omission of essential facts or a manifest evasiveness will render the affidavit insufficient.

Having discussed the statute pertaining hereto and the necessary elements thereunder, we reach the question as to whether or not the defendant's averments

a. No legal consideration for the promissory note sued upon in this action.

b. Fraud in the procurement of the execution of said note.

are sufficient under the statute to prevent judgment on the affidavit of demand herein filed.

In considering the first averment, (a) "No legal consideration for the promissory note sued upon in this action," we reach the inescapable finding that the averment merely states a conclusion of law, and not facts upon which the conclusion is based. The averment merely sets out "No legal consideration for the promissory note sued upon in this action," and without further facts the Court is unable to determine whether it is a legal defense or not. We are not in a position to venture an opinion on that which we have no knowledge. The defendant states that there was no legal consideration; however, he has not disclosed to us the facts available to him that would warrant him in reaching such a conclusion.

We must therefore find that the defendant, in respect to his first averment, has not brought himself within the provisions of the statute.

In considering the defendant's second averment, (b) "Fraud in the procurement of the execution of said

note," we find the second averment in the same category as the first, completely devoid of any facts. The defendant merely states a conclusion of law—"Fraud in the procurement of the execution of said note." Consequently, our finding as to the second averment must be the same as in the first; namely, that the defendant has not brought himself within the provisions of the statute.

■ ■ As to the defendant's motion for leave to amend his affidavit of defense, we regret to say that we cannot bring ourselves into that sphere of liberality as suggested by the defendant to justify ourselves in such a ruling.

It has long been the practice of this Court to extend the time for the filing of affidavits of defense when requested, provided the request is made prior to the time designated under the rules of Court for the filing of the same, and we see no reason why permission would not be granted to amend an affidavit of defense, provided the request was made prior to the time designated for the filing of the same or to any extended time thereof.

However, to permit amendments to affidavits of defense subsequent to the time designated under the rules of Court or beyond an extended time thereof would be defeating the purpose of the rule of Court and at the same time deprive the plaintiff of a statutory right that has accrued to him by reason of

a. No legal defense.

b. Insufficiency of affidavit of defense.

For the above reasons we must decline the defendant's motion, to amend his affidavit of defense.

■ Having disposed of the affidavit of defense as filed by the defendant and his motion to file an amendment

thereto, we now come to the second and last motion of the defendant:

"That judgment be refused the plaintiff notwithstanding his affidavit of demand, as the affidavit of demand does not conform to the copy of the note filed with the affidavit of demand and which constitutes the subject matter of the suit."

The affidavit of demand filed avers that the sum of $1000 is due and owing with interest from January 16, 1936, and attached to the affidavit is a note the subject matter of the suit which is as follows:

"$1000                                   Wilmington, Delaware
                                              "January 16, 1936.

"Four months after date I promise to pay to the order of Hance Hardware Co. at the Farmers Bank of the State of Delaware one thousand dollars, without defalcation value received. Each maker and endorser of this note hereby waives demand, presentment, protest and notice of dishonor.

"Credit the Drawer
                    /s/ Walter F. Howard"

Notation on reverse side of note:

"5/11/36   Pd. Int.   $20.00.
"12/2/36   Pd. Int.   $40.00
"7/8/37    Pd. Int.   $45.00"

The defendant contends that since there exists a discrepancy between the averment of the amount due in the affidavit and the amount due which is apparent from the note ($105 payment of interest) that such a discrepancy would warrant the Court in refusing judgment.

The plaintiff contends that such a discrepancy is not fatal and that the Court could direct the Prothonotary to ascertain the proper amount due, taking into consideration the payments of interest aforesaid.

As to the above contentions of the parties, we are of the opinion that a mere neglect to credit an interest item in the affidavit of demand, which item is apparent on the face of the instrument accompanying the affidavit, would

not be a fatal error, as the Prothonotary should recognize any credits or payments that appear on the instrument and allow the same when he ascertains the amount due under such judgment.

However, in this case we find a circumstance that has not been raised or debated by the defendant, and that is: Where upon the face of the note there appears no clause or agreement as to the payment of interest, at what time does the interest begin to run? Does it start from the date of the execution of the note or from the date of maturity thereof?

Judge Conrad in the case of *Jacobs v. Murray*, 1 *W. W. Harr.* (31 *Del.*) 209, 211, 113 *A.* 803, affirmed the Court's opinion in other Delaware cases wherein he *held* "Where no interest is reserved, interest runs from the date of maturity at the legal rate."

The Court in the *Jacobs case held* interest not reserved to be just damages to the plaintiff for the wrongful withholding of the principal after maturity.

Applying the principle laid down in the *Jacobs case,* the interest in the case at hand would clearly not begin to run until four months after January 16, 1936, and not from January 16, 1936, as averred in the plaintiff's affidavit of demand.

It is the practice of all Courts to construe the pleading of the parties in such a summary proceeding as this strongly against the pleader, and to deny or grant judgments in accordance.

The plaintiff has specifically averred that interest is due from January 16, 1936, the date of the execution of the note, and it must be admitted that on the 15th day of June, 1936, $20.00 was credited on the reverse side thereof designating interest. However, such an admission under

the pleadings could not bind the defendant as to what particular period the payment was designated to cover.

In *Vol.* 11, on *page* 178, of *Woolley on Delaware Practice* is found: "The Prothonotary ascertains the amount from the statement in the affidavit, which shows to him the principal and the date from which interest should be computed."

We are of the opinion in such a summary proceeding as this that there should be no issue that could arise that would create in the Court's mind a question as to the true amount due. Since this proceeding is technical in its scope, we feel that the plaintiff in filing its affidavit of demand should be held strictly to the purport of its pleadings and that the rule of construction as to it should be technically observed.

Under our practice, affidavits of demand cannot be amended. However, the Court in the event it granted judgment in this case would in effect, by its ruling, be granting indirectly the right of amendment to the plaintiff.

The Court has always followed the practice to deny judgments on affidavits of demand unless the affidavit and the copy constituting the subject matter of the suit are clear, unambiguous, and readily understandable from a fair and impartial observance.

To deny a plaintiff judgment does not deprive him of his right of recovery. It merely places upon him the burden of establishing his contention to the satisfaction of a Court or jury at a trial of the issue.

Motion of Plaintiff for Judgment denied.