**E. K. GEYSER COMPANY, a corporation of the State of Pennsylvania, Plaintiff,**

v.

**BLUE ROCK SHOPPING CENTER, INC., a corporation of the State of Delaware, Defendant.**

Superior Court of Delaware, New Castle.

April 26, 1967.

John T. Gallagher, Wilmington, for plaintiff.

William F. Lynch, II, Wilmington, for defendant.

## OPINION

O'HORA, Judge.

On September 22, 1965, this action was initiated by plaintiff through the filing of a complaint under the provisions of Delaware law pertaining to mechanics' liens. The substance of the complaint alleged that certain moneys were due plaintiff as a consequence of its supplying labor and materials commencing July 29, 1964 and finishing June 2, 1965 for a building owned by defendant.

Defendant filed an affidavit of defense and answer on October 15, 1965, in which it asserted affirmatively that no labor and materials were furnished after November 20, 1964 and that, therefore, more than ninety days had elapsed prior to the filing of plaintiff's claim precluding its recovery under the mechanics' lien law.

Thereafter a series of interrogatories were answered by defendant and depositions taken of the president of defendant corporation and the president of the corporation plaintiff had employed to install materials on the site and during the crucial dates involved.

It is plaintiff's position that its discovery efforts have fully developed an uncontradicted basis for its assertions with regard to the appropriate dates involved and a total lack of support for defendant's assertions with regard to the same dates. The Court concludes after an examination of the entire record in the case that plain-

tiff's position relative to the crucial dates involved is the correct one and, in fact, defendant does not seriously question that such conclusions should properly be drawn from the record.

◼ The posture of the case at this point would seem to support the essential principle that a party opposing a motion for summary judgment must come forward with admissible evidence showing the existence of a genuine issue of fact. Metropolitan Convoy Corp. v. Chrysler Corp., 4 Storey 62, 173 A.2d 617 (1961); Matas v. Green, 3 Storey 473, 171 A.2d 916 (1961). In fact, if an examination of the record of a cause reveals no genuine issue as to material facts, it is incumbent upon the Court to grant summary judgment. Van Dyke v. Pennsylvania Railroad Co., 7 Terry 529, 86 A.2d 346 (1952). Acceptance of this principle, although applied to a negligence claim, is also supported by the holding in Wootten v. Kiger, Del., 226 A.2d 238 (1967).

Defendant's position with regard to plaintiff's motion is more in the nature of an appeal for a broad application of the Court's discretionary powers to see that justice is done. Plaintiff in connection with the matters herein being litigated had earlier filed a complaint seeking relief against this defendant in which complaint plaintiff sought relief under the mechanics' lien laws as well as a personal judgment. This action remains active and unresolved before the Court.* The defendant responded to this earlier action by filing its answer and affidavit of defense asserting late filing by plaintiff and further included a counterclaim against plaintiff alleging that defendant, in plaintiff's action for personal judgment, was entitled to a dollar offset. Plaintiff concedes that the earlier action, at least with regard to the mechanics' lien aspects of it, was defective in that the dates therein asserted were incorrect. Plaintiff thereafter and within the time limitations of the mechanics' lien law filed the complaint in this case but did not seek relief by way of personal judgment.

Defendant urges that the granting of plaintiff's motion herein would permit plaintiff to obtain a judgment against defendant which could be executed upon long before final litigation of its counterclaim in the first suit, which defendant urges would result in obvious prejudice to its rights to have the merits of the basic controversy between the parties fully determined at one time. To prevent such a happening, defendant suggests that this Court should deny or delay the granting of plaintiff's motion and permit defendant to file a counterclaim or, in the alternative, direct a consolidation of the two suits with decision reserved on plaintiff's motion in this case until a final hearing in the earlier action can be held.

Under 25 Del.C. § 2716, the defendant is obligated to file an affidavit of defense in answer to a complaint of mechanics' lien or suffer the entry of judgment. Defendant here seeks leave to file a counterclaim which plaintiff argues is, in fact, an effort to amend its affidavit of defense.

◼ Ordinarily an amendment to a pleading is permitted under liberal construction of Rule 15, Del.C.Ann. and is the usual practice followed by this Court. The possibility of such construction being applied here is impeded by the fact that we are dealing with restrictive statutory rights under the mechanics' lien laws. Furthermore, the liberality of the practice permitting amendments to pleadings is subject to the principle that such amendments must not substantially change the cause of action or defense or introduce a different claim or defense. Blaustein v. Standard Oil Co., 6 Terry 198, 70 A.2d 716 (1949).

◼ It is the accepted application of the mechanics' lien law of this State to view such laws as being in derogation of the common law and thus to be construed

---

* No. 2167 Civil Action 1965 New Castle County

**502**

rather strictly. The decisions of the Delaware Courts on occasion have indicated some displeasure with the necessity of such a confining position, particularly in situations where possible undue hardship could result. However, the Delaware decisions have been uniform in concluding that the Court cannot act under its own Rule to alter a practice prescribed by statute. A good example of such a decision and feeling of the Court can be seen in the opinion of then Judge Wolcott v. Stockman v. McKee, 6 Terry 274, 71 A.2d 875 (1950).

The Courts in this jurisdiction have had a number of occasions to consider attempts to amend affidavits of defense in mechanics' lien actions. Uniformally such holdings have amounted to denials of such applications. E. J. Hollingsworth Co. v. Continental-Diamond Fiber Co., 6. W. W. Harr. 303, 175 A. 266 (1934); Hance Hardware Co. v. Howard, 1 Terry 199, 8 A.2d 26 (1939).

 In DeLuca v. Martelli, 200 A.2d 825 (Del.Super.Ct.1964), Judge Christie went about as far as it would seem permissible in permitting an amendment, but in that instance the amendment sought, although in a mechanics' lien action, was to a bill of particulars. Judge Christie carefully pointed out in that decision that he necessarily had to find that the bill of particulars was not part of the statement for claim before the amendment could be allowed. A distinction such as Judge Christie found in the DeLuca case cannot be made here. The counterclaim sought to be filed would ordinarily have been included as a part of the defendant's originally asserted defense and, therefore, at this time must be considered as a prospective amendment to the affidavit of defense and an assertion of a substantially new or different defense to plaintiff's claim. Viewed in this light, the amendment sought should not be permitted.

Whether or not the counterclaim filed in the earlier action can be resolved, or other efforts made by defendant so as to protect its rights, as plaintiff suggests here,

is not herein considered. The Court concludes that regardless of the answers to these problems, it is unable to find any material issues of fact remaining or compelling legal reasons existing why the request of defendant to amend should be permitted.

Furthermore, the Court does not feel that it can or should do indirectly what it feels it cannot do directly. If plaintiff is entitled to its motion for summary judgment in this action, it should be granted now rather than have it effectively denied by delaying a decision, consolidating the two actions and awaiting the outcome of the trial of defendant's counterclaim in the earlier suit.

It is the conclusion of the Court, therefore, for the reasons herein set forth that plaintiff's motion for summary judgment should be granted.

It is so ordered.