**Robert J. MILLER, Plaintiff,**

v.

**MASTER HOME BUILDERS, INC., a corporation of the State of Delaware, General Contractors, and William W. Slacum and Rose V. Slacum, his wife, Owners or Reputed Owners, Defendants.**

Superior Court of Delaware, New Castle.

Jan. 9, 1968.

Charles M. Allmond, III (of Allmond & Wood) Wilmington, for plaintiff.

Gerald Z. Berkowitz (of Wahl, Greenstein & Berkowitz), Wilmington, for defendants.

STIFTEL, President Judge.

This is an action *scire facias sur,* mechanic's lien by a subcontractor for the value of labor and materials allegedly furnished for construction of a home owned by the Slacums. The subcontractor filed a proper complaint and statement of claim for mechanic's lien, in which he stated that he furnished labor and materials worth

$1,835 for the construction of the Slacums' home.

The Slacums (hereinafter referred to as "homeowners") filed a responsive pleading which contained four parts. In the first part, denominated "Answer to Complaint", the homeowners admitted that they had contracted with the general contractor for the construction of their home. However, they averred lack of knowledge of whether the plaintiff furnished the labor and materials, and denied that the amount owed was $1,835 with interest.

In the second part of the homeowners' responsive pleading, denominated "Affirmative Defense", the homeowners alleged that the "Complaint fails to state a claim" upon which relief can be granted.

In the third part, denominated "Counterclaim", the homeowners alleged that the labor and materials referred to in the complaint were "inadequate and not completed in a workmanlike manner so that [the homeowners] have been caused to remedy defects in said labor and materials" at a cost of $955.

In the fourth part, the homeowners crossclaimed against the general contractor.[1]

After making demand for judgment for $955, defendants appended a verification, notarized and sealed, in which they swore that the facts stated in the "Answer to the Complaint, Affirmative Defense, Counterclaim and Cross Claim, and the facts stated therein are true and correct."

The plaintiff-materialman filed two motions. The first was for default judgment for want of an affidavit of defense, as required by 25 Del.Code § 2716. The second motion was to dismiss the counterclaim.

The homeowners then filed a motion to amend their responsive pleading to conform with 25 Del.Code § 2716 so as to contain the requisite elements of an affidavit of defense. The amended pleading adds a new paragraph with several defenses, including improper filing of the complaint and failure of consideration.

*Motion for Default Judgment*

█ Under present Delaware mechanic's lien procedure, the lien plaintiff may obtain a lien by default judgment, unless the defendant files an affidavit of defense or a motion that judgment be refused notwithstanding the statement of claim. 25 Del.Code § 2716; Superior Court Rule 12(a), Del.C.Ann. The purpose of the affidavit is to insure speedy determination of litigation by permitting trials only in such case where the defendant is willing to swear that he had a valid defense. The underlying assumption is that only parties having a valid defense would in good conscience swear that the defense was valid. As a result, the affidavit of defense requirement is thought to eliminate time consumption with respect to cases having no meritorious defense. See 1 Woolley, On Delaware Practice, § 244.

The motion pursuant to Rule 12(a) "that judgment be refused notwithstanding the statement of claim" originally referred to as a motion "that judgment be refused notwithstanding the affidavit of demand", also serves the purpose of expediting litigation. The motion under Rule 12(a) is intended where formal defects in the affidavit of demand are clear or where it is apparent that the affidavit of demand fails on its face to state a claim. By raising defenses in a manner similar to motion for judgment on the pleadings, the Rule 12(a) motion complements the affidavit of defense, which presents factual defenses for trial. See Woolley, supra, § 271.

█ Have the homeowners filed an affidavit of defense? 25 Del.Code § 2716, requires that the homeowner-affiant state that he believes there is a legal defense

---

1. The general contractor is a defendant but has not participated in the case. For that reason, the cross-claim will be disregarded.

to the whole or part of such claim and that he set forth the nature and character of the defense. The homeowners' responsive pleading is an "affidavit", but not an "affidavit of defense" in the manner required by 25 Del.Code § 2716. The affidavit is defective because it fails to state clearly the nature of the legal defense and whether the defense is to a part or to the whole of the plaintiff's claim. Do these defects in the affidavit justify judgment for plaintiff? For the reasons stated below, the answer must be in the negative.

### Motion for Leave to Amend

The traditional rule forbade amendment of pleadings in mechanic's lien cases after passage of the time for filing. 2 Woolley, On Delaware Practice, § 284; Hance Hardware Co. v. Howard, 1 Terry 199, 8 A.2d 26; E. J. Hollingsworth v. Continental Diamond Fibre Corp., 6 W.W. Harr. 303, 175 A. 266 (Super.Ct.1934); Philadelphia National Bank v. Morgan, 1 Marv. 265, 40 A. 1113 (1894). However, in the past three decades:

> "[T]he entire field of pleading [has] undergone revolutionary changes. The Courts now have rules which encourage notice pleading * * * of technical exactitude. Even where stringent requirements survive as to the content of a pleading, amendments to cure defects in pleading are often permitted. A modern judge looks with disfavor upon the loss of substantive rights on account of procedural errors if such errors may be corrected without serious prejudice. * * *

> "Although the courts have adhered to the technical requirements as to the extraordinary remedy afforded by the mechanics lien statutes, the modern approach toward pleading has found its way into this field of the law. Particularly significant is the dicta of the Supreme Court in Oscar George, Inc. v. Potts, 10 Terry 295, 115 A.2d 479 (1955) (citation omitted), which strongly suggests

that a liberal attitude toward amendment to affidavits accompanying pleadings should carry over to affidavits used in mechanic's lien actions."

Christie, J., in Deluca v. Martelli, 200 A.2d 825 (Del.Super.1964). See also, the cases cited in that opinion. Under these authorities, and under Superior Court Rule 15(a), giving the Court discretion to allow amendment "when justice so requires", this Court decides that granting leave to amend in this case is proper. By filing its affidavit and moving for leave to amend in timely fashion, the homeowners have shown an intent to comply with 25 Del.Code § 2716.

The homeowners' motion for leave to amend is granted. Plaintiff's motion for default judgment is denied.

It is so ordered.

### Motion to Dismiss the Counterclaim

▪ The Rules of the Superior Court permit the filing of a counterclaim in any action governed by the Rules. Stockman v. McKee, 6 Terry 274, 71 A.2d 875, 880. A mechanic's lien action is one that is governed by the Rules. It is a proceeding *in rem*. The counterclaim cannot be one that results in any personal judgment against the mechanic's lien plaintiff in the original action. Stockman v. McKee, supra, at 880. To the extent this counterclaim may be used as a defense to reduce the amount of the claim, it is permissible. Cf. United States v. United States Casualty Co., D.C.Del. (1962), 218 F.Supp. 653, 655. The true nature and extent of the homeowners' counterclaim is not clear. It can only be determined on the basis of a more complete record. The determination of whether or not the counterclaim is to be allowed, in whole or in part, must await further evidence on the nature of the counterclaim. This can be at trial.

For the present, the motion to dismiss the counterclaim is denied.