### W. D. HADDOCK CONSTRUCTION COMPANY, Plaintiff,

### v.

### D. H. OVERMYER CO., Inc., Defendant.

Superior Court of Delaware.

New Castle.

July 25, 1969.

John T. Gallagher, George F. Gardner, III, Wilmington, for plaintiff.

John P. Sinclair, Wilmington, for defendant.

QUILLEN, Judge.

There is no factual dispute and the following statement is taken directly from the briefs in the case with only slight modification.

Plaintiff and defendant entered into a contract on March 25, 1968 for the construction of a warehouse and office building whereby plaintiff agreed to construct the building within four months of issuance of a building permit. Defendant agreed to pay a total price of five hundred fifty-one thousand three hundred and thirty six dollars, said amount to be payable at eight progress stages.

On April 28, 1969, the plaintiff filed this suit seeking not only a personal judgment, but also a mechanic's lien against the structure. Plaintiff claims an unpaid balance of $81,823.00 from defendant. Defendant alleges plaintiff failed to perform in conformity with the terms and specifications of the contract.

On April 30, 1969, service of process was made on Corporation Trust Company, defendant's resident agent and a copy of the writ and complaint were affixed to the front part of the structure. Defendant was notified of service on May 1, 1969.

On May 14, 1969, defendant's house counsel, Joel A. Brandt, Esquire, contacted John P. Sinclair, Esquire, who was retained to represent defendant in this mechanic's lien action. After consulting with Mr. Brandt, Mr. Sinclair forwarded certain forms to enable defendant to prepare an affidavit of defense and an answer.

On May 19, 1969, the defendant returned the documents and Mr. Sinclair informed plaintiff's attorney, John T. Gallagher, Esquire, by telephone that an answer would be forthcoming on May 20, 1969. On the morning of May 20, 1969, the date on which the answer was due under Rule 12(a), Mr. Sinclair completed the papers and turned them over to his secretary, Mrs. Margaret A. Giosio. Mrs. Giosio placed the original and two copies thereof in the office delivery box at approximately 2:00 P.M.

Mr. Sinclair's firm employs a messenger to file and serve documents. On the day in question, May 20, 1969, the messenger, Mr. Thomas Horgan, arrived at approximately 3:00 P.M., as he does on each business day, Monday through Friday. On that day there were an unusually large number of documents to be delivered and, consequently, Mr. Horgan did not complete all deliveries before the courts closed. In addition, he was apparently not feeling well (he was absent due to illness several days thereafter) and this may have further affected his deliveries. On occasion, documents requiring immediate delivery were so marked; however, the instant papers were not specially designated.

On May 21, 1969, in Mr. Horgan's absence, another employee went through the papers which were to be delivered that day and discovered the answer and affidavit of defense here at issue.

Attempts were made to contact plaintiff's counsel by telephone which proved unsuccessful. Mrs. Giosio went to the office of counsel for plaintiff and attempted to serve defendant's answer and affidavit of defense. She was not successful. Plaintiff's counsel informed her that he would have to speak with Mr. Sinclair before accepting service.

The papers were then mailed to plaintiff's attorney and filed with the Court at

4:50 P.M. But, prior to that filing, on the first day after defendant's answer was due, May 21, 1969, at 4:15 P.M., plaintiff had directed that default judgments be entered in both the personal and mechanic's lien actions against defendant by the Prothonotary and so informed Mr. Sinclair by telephone at 4:25 P.M.

On May 22, 1969, defendant's counsel filed a motion to open the judgment and permit defendant to file an answer, affidavit of defense and counterclaim and gave notice thereof to the parties concerned.

The case comes before this Court upon the motion of defendant to open the default judgments and permit the action to be tried on the merits.

The plaintiff concedes that the circumstances fairly establish "excusable neglect" and that the defendant is entitled to have the personal judgment set aside. But the plaintiff contends that an affidavit of defense cannot be filed after the twenty day period established by 25 Del.C. § 2716 and Rule 12(a) and relies by analogy on the case law dealing with amendments to mechanic's lien affidavits after the expiration of the established period for filing.

Innumerable grounds under Rule 60 exist for setting aside both judgments. They are "mistake", "inadvertence", "excusable neglect", and, above all, the manifest injustice of permitting either judgment to stand.

The mechanic's lien statute does not prevent the vacation of that judgment. Insofar as judgments by default are concerned, the statute relies on the Superior Court rules. 25 Del.C. § 2716; see also Wolley on Delaware Practice, § 286, p. 204. The plaintiff cannot rely on the rules for the entry of its judgment and ignore the same rules when such judgment is contrary to any meaningful concept of justice. The rules giveth and the rules can taketh away.

The Delaware case law does not prevent the vacation of a default mechanic's lien judgment. It is one thing to say that the express provisions of the statute must be strictly construed for a plaintiff to establish and perfect a lien which is in derogation of the common law. That makes sense. The consequences on a defendant are harsh and in derogation of normal lien procedure. Therefore, this Court need not consider those cases, which have been cited and which include the only Supreme Court authority cited by the plaintiff. Oscar George Inc. v. Potts, 10 Terry 295, 115 A.2d 479 (Del.Sup.Ct.1955); E. J. Hollingsworth v. Continental-Diamond Fiber Co., 6 W.W.Harr. 303, 175 A. 266 (Del.Super.Ct.1934); DeLuca v. Martelli, 7 Storey 339, 200 A.2d 825 (Del.Super.Ct.1964); Harrogate Const. Co. v. Jos. Haas Co., 250 A.2d 376 (Del.Super.Ct.1969).

It is quite another thing, however, to say a defendant loses his day in Court by a default judgment, entered in accordance with the Court's rules, for a reason wholly unconnected with the merits of the case and by a continuation of a patently unfair judgment, which continuation is totally unjustified by the Court's same rules. That does not make sense. The case law dealing with defenses of mechanic's lien claims does not require such a result. Miller v. Master Home Builders, Inc., 239 A.2d 696 (Del.Super.Ct.1968). Nor do the particular cases relied upon by the plaintiff require such a result, even if the basic analogy is accepted.

In E. K. Geyser Co. v. Blue Rock Shopping Center, Inc., 229 A.2d 499 (Del.Super.Ct.1967), the Superior Court found, after considering the statement of claim, answer, affidavit of defense, and discovery, that the plaintiff was entitled to summary judgment because there was no factual issue on the claim. In that peculiar context, the Court refused to allow a belated filing of a counterclaim which had previously been filed in another action and which could proceed separately. As to permissive counterclaims, see also Stockman v. McKee, 6 Terry 274, 71 A.2d 875 (Del.Super.Ct.1950). The default situation here is quite different. The case of Hance Hardware Co. v. Howard, 1 Terry 199, 8 A.2d 26 (Del.

Super.Ct.1939), which was not a mechanic's lien case, predates the adoption in Delaware of a modified version of the federal civil rules and the whole concept of pleading was different. Indeed, to the best I can determine, Rule 48 of the 1917 revision of the Superior Court Rules was still in effect and it read in pertinent part as follows:

> "Affidavits of defense under [25 Del.C. § 2716] must be filed on or before. * *" Rules of Court, Delaware, 1917 (Mercantile Printing Company).

In any event, the flexible philosophy of the modern rules was over eight years away at the time of the *Hance Hardware* decision and it can hardly be considered as binding authority. That disposes of the case law cited by the plaintiff to support its position.

The default judgments previously entered, both in the mechanic's lien action and the personal suit, are vacated. It is so ordered.

The answer, conterclaim and affidavit of defense, which have been filed, are accepted as pleadings in the case. It is so ordered.