FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF PHILADELPHIA, a corporation of the United States, Plaintiff,

v.

DAMNCO CORPORATION, Defendant.

Superior Court of Delaware, New Castle.

Sept. 18, 1973.

Max S. Bell, Jr., Richards, Layton & Finger, Wilmington, for plaintiff.

James P. D'Angelo, Wilmington, for defendant.

## OPINION ON MOTION FOR JUDGMENT

TAYLOR, Judge.

This is a sci. fa. sur mortgage action. The complaint was accompanied by an affidavit of demand. Defendant filed an answer which admitted execution of the mortgage and various terms of the mortgage and denied the allegation of the amount owed on the mortgage and the default by defendant. The answer also asserted that the "complaint fails to state a cause of action" and that "plaintiff has breached this mortgage agreement and subsequent mortgage agreements." Defendant also asserted as a counterclaim that "plaintiff has failed to pay construction mortgage money owed defendant and agreed upon by mortgage documents, written and oral understandings", that "plaintiff has been overpaid by defendant", and that as a result of the foregoing defendant has been adversely affected "to the point that the defendant is near insolvency."

Defendant also filed an "affidavit of denial" alleging that (1) defendant "has read the complaint", (2) "the allegations therein are not true" and (3) "the matters raised in the counterclaim are true." Plaintiff has moved for entry of judgment on the ground that defendant has not met the requirements of 10 Del.C. § 3901.

10 Del.C. § 3901 provides that in actions upon bills, notes, bonds or other instruments of writing for the payment of money, where an affidavit of demand is filed with the complaint, judgment by default shall be entered upon motion by plaintiff after defendant's time for filing

answer has expired unless defendant has filed an affidavit "stating that he or they verily believes or believe there is a legal defense to the whole or part of such course of action and setting forth the nature and character of the same." An object of the statute is to assure speedy disposition of claims of the type specified in the statute by permitting defenses only in those instances where a defendant states under oath that he believes he has a valid defense and sets forth the defense. Miller v. Master Home Builders, Inc., Del.Super., 239 A.2d 696 (1968). Absent such qualifying defense, the statute provides for entry of judgment without further delay. 1 Woolley on Delaware Practice 170–4, §§ 244–7.

■ An affidavit which merely asserts conclusions of law does not meet the statutory standard. J. A. Montgomery, Inc. v v. Marks Mobile Homes, Inc., Del.Super., 254 A.2d 853 (1969). The affidavit must "set forth to reasonable understanding the matters which, if true, would constitute a defense". Hance Hardware Co. v. Howard, Del.Super., 8 A.2d 26, 28 (1939). The test is whether the affidavit sets forth a condition of facts upon which the court can form an opinion with respect to the legality and sufficiency of the defense. 1 Woolley on Delaware Practice 199, § 278.

■ The "affidavit of denial" [1] filed in this case contains statements relating to both the complaint and the counterclaim. With respect to the complaint, the affidavit of denial merely states that "the allegations therein are not true". While it may be defendant's position that certain allegations of the complaint are not true, the answer which accompanied the affidavit admitted two of the three paragraphs of the complaint. Defendant has not provided the factual specification in the affidavit upon which to establish a position. The statute requires more than a conclusory statement which merely purports to put

plaintiff to issue. Defendant must assert a statement of facts which, if believed, would negate plaintiff's claim. The portion of the affidavit of denial relating to the complaint does not satisfy the statute.

■ The second part of the affidavit of denial states that "the matters raised in the counterclaim are true." This is sufficient to incorporate by reference the allegations of defendant's counterclaim. J. A. Montgomery, Inc. v. Marks Mobile Homes, Inc., supra. For purposes of this discussion it will be assumed that a counterclaim of the type alleged is permissible in a sci. fa. sur mortgage action. Compare Frantz v. Templeman Oil Corp., Del.Super., 134 A. 47 (1926); Gordy v. Preform Building Components, Inc., 1973, Del.Super., 310 A.2d 893.

■ Turning to the counterclaim, the first paragraph states that "Plaintiff has failed to pay construction mortgage money owed defendant and agreed upon by mortgage documents, written and oral understandings." This general statement does not meet the statutory test because it lacks specificity. A statement of amounts required to be paid, the conditions under which they were required to be paid and the dates or occasions when the payments were required should have been set forth. The generalization is inadequate.

Next, the counterclaim states that "plaintiff has been overpaid by defendant". How much was due and how much has been paid—and when? Again, specifics are lacking. The final paragraph is dependent upon the previous two paragraphs for meaning, and it, too, lacks specificity.

One of the statutory requirements for an affidavit of defense is that it indicate whether the defense runs to the whole or part of the cause of action. Because of the lack of specific facts, this requirement is not met.

1. The traditional designation is "affidavit of defense." 1 Woolley on Delaware Practice 170, § 244. The statute does not specifically require such designation.

The statute specifically requires that the affidavit state that defendant "believes . . . there is a legal defense to the whole or part of such cause of action".

The requirement that defendant state under oath that he believes he has a valid defense is an essential element required by statute for an affidavit of defense. Miller v. Master Home Builders, Inc., supra. It is missing here.

The statute is technical in nature. It was adopted prior to the modern concepts governing procedure and has been the subject of a body of delineating decisional law. Nothing in the statute or current rules of this Court indicates an intention to depart from the strict requirements which have prevailed.

■ Defendant argues that the affidavit of defense should be tested according to the standards applicable to a motion for summary judgment. It is not necessary to contrast the respective origins and requisites. In order to qualify for consideration under motion for summary judgment affidavits "must set forth such facts as would be admissible in evidence." Woodcock v. Udell, Del.Super., 97 A.2d 878 (1953); Colish v. Brandywine Raceway Association, Del.Super., 119 A.2d 887 (1955). Mere conclusory statements which do not set forth admissible evidentiary facts will not suffice. Union Ins. Inc. of Canton, Ltd. v. William Gluckin & Co., 2 Cir., 353 F.2d 946 (1965); 3 Barron & Holtzoff, Federal Practice & Procedure, § 1237, p. 165.

■ The harsh impact of the requirements applicable to affidavits of defense has been moderated by this Court by permitting amendment of the affidavit of defense in order to meet the requirements. Cf. Oscar George, Inc. v. Potts, Del.Supr., 115 A.2d 479 (1955); Deluca v. Martelli, Del.Super., 200 A.2d 825 (1964); Miller v. Master Home Builders, Inc., Del.Super., 239 A.2d 696 (1968). In this instance, defendant was directed to make any appropriate amendments to the affidavit of deni-

al during the briefing stage. No amendments were filed. Since defendant's affidavit fails, plaintiff is entitled to judgment under the statute.

Judgment sci. fa. sur mortgage will be entered upon submission of an appropriate order by plaintiff.