George E. DONAHUE, and Carol A. Donahue, husband and wife, Defendants below, Appellants,

v.

RIDGE HOMES, a Division of Evans Products Company, a Delaware Corporation, Plaintiff below, Appellee.

Supreme Court of Delaware.

Submitted March 15, 1978.

Decided June 5, 1978.

John E. Babiarz, Jr., of Biondi & Babiarz, P. A., Wilmington, for appellants.

Joseph S. Yucht, of Balick & Yucht, Wilmington, for appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

DUFFY, Justice.

In this action of *scire facias sur mortgage*, the Superior Court denied the motion of George E. Donahue and Carol A. Donahue (defendants) for leave to file an amended affidavit of defense and granted the motion of Ridge Homes (plaintiff) for summary judgment.

### I.

The facts are these:

Defendants executed a mortgage to plaintiff to secure the financing of a prefabricated house which they bought from plaintiff. When defendants did not pay certain of the monthly installments due on the mortgage, plaintiff began this foreclosure suit. In their answer, defendants admitted non-payment and asserted failure of consideration as an affirmative defense. That defense is based on allegations that the house, as erected by plaintiff, had major structural foundation cracks which were so bad that the Building Inspector of New Castle County refused to issue a Certificate of Occupancy.

In accordance with the provisions of 10 *Del.C.* § 3901(a),[1] plaintiff filed an affidavit

---

1. 10 *Del.C.* § 3901(a) provides in part:

"In all actions in the Superior Court . . on . . . ., judgments or mortgages, judgment by default shall be entered upon motion by the plaintiff or his attorney after the defendant's time for filing his answer has expired, notwithstanding appearance by the defendant, unless the defendant, . . . shall have filed with his answer an affidavit stating that he . . . verily believes . .

there is a legal defense to the whole or part of such cause of action, and setting forth the nature and character of the same.

If defense is to a part only of the cause of action, the defendant, . . . shall, in such affidavit, specify the sum which he . . admits . . . to be due, and judgment shall be entered for the plaintiff at his election for the sum acknowledged to be due.

of demand with the complaint and defendants, in turn, filed an affidavit of defense with their answer. But the affidavit of defense failed to satisfy certain statutory requirements, that is, it did not state the nature and character of the defense to the foreclosure. Thereafter, defendants moved to file an amended affidavit but that was done after the statutory time for filing the affidavit had expired, and the Superior Court refused to receive it. Summary judgment was entered for plaintiff and defendants then docketed this appeal.

The issue before us is whether an affidavit of defense may be amended after expiration of the time for filing such an affidavit.[2]

## II.

The traditional Delaware rule prohibited amendment of an affidavit of defense after passage of the time for filing the original affidavit. *Hance Hardware Co. v. Howard*, Del.Super., 8 A.2d 26 (1939). Woolley, *On Delaware* Practice, § 284.[3] However, since 1939, such strict construction placed on the right to amend the affidavit has been greatly relaxed, as was noticed in *Oscar George, Inc., v. Potts*, Del.Supr., 115 A.2d 479, 482 (1955), wherein this Court cited the following language with approval:

"In dealing with the subject of amendments of process, pleading and proceedings, the purpose of the law relating thereto must not be disregarded. That purpose was to secure or promote the trial of causes upon their merits without hindrance of unnecessary delay and expense. If the amendment proposed works no change of party, no injury or disadvantage to the opposing party, and is promotive of a fair and expeditious trial upon its merits, we can see no reason

why it should not be allowed in the furtherance of justice."

Taken from *Console Master Speaker Corporation v. Muskegon Wood Products Corporation*, Del.Super., 141 A. 109, 111 (1928). The trend toward moderation of the old rule has been followed by the Superior Court most recently in *First Federal Sav. & Loan Ass'n of Phila. v. Damnco Corp.*, Del. Super., 310 A.2d 880 (1973), a case also involving amendment to an affidavit of defense in an action of *scire facias sur mortgage*. And see *Deluca v. Martelli* Del.Super., 200 A.2d 825 (1964); *Miller v. Master Home Builders, Inc.*, Del.Super., 239 A.2d 696 (1968). We approve this evolution in light of the significant change which has occurred in ruling on pleadings; nowadays courts look with disfavor on the loss of substantive rights resulting from a technical error in pleadings, if correction will not seriously prejudice another party.

We hold that an amendment to the affidavit of defense should have been permitted because the defect in the affidavit is purely technical in nature, plaintiff had been informed in the answer as to the nature of the affirmative defense, and no unfair surprise or prejudice will result to plaintiff from the amendment. The judgment must, therefore, be reversed.

We distinguish our recent ruling in *Woodrow, Inc. v. Hudanish*, Del.Supr., 385 A.2d 144 (1978), affirming a Superior Court order refusing to permit a mechanic's lien plaintiff to amend a defective affidavit accompanying a statement of claim. That case called for a different ruling because a mechanic's lien relates back to the time of filing of the complaint, it affects land titles, and it involves notice to third persons. In such action the statutory requirements

---

No judgment shall be entered by virtue of this section unless the plaintiff, . . . shall have filed in the office of the Prothonotary with his complaint . . . a certified abstract or transcript of the . . . mortgage . . . with an affidavit stating the sum demanded, and that he or they verily believe[s] that the same is justly and truly due."

**2.** Superior Court Civil Rule 12(a), in effect, requires that any affidavit of defense be filed with the answer within twenty days after service of the affidavit of demand.

**3.** *Woolley* states in part:

"Leave to amend affidavit of defense is never granted."

must be strictly construed to avoid serious prejudice to third parties.

\* \* \* \* \* \*

We do not reach any other ground argued.

\* \* \* \* \* \*

Reversed and remanded for proceedings consistent herewith.