# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WELLS FARGO BANK, NA, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. N19L-07-016 MAA |
| | ) | |
| v. | ) | |
| | ) | |
| SARITA M. BANNING and | ) | |
| WILLIAM C. BANNING, JR., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Submitted: October 23, 2020
Decided: January 21, 2021

*Upon Plaintiff's Motion for Summary Judgment:*
***GRANTED***

## MEMORANDUM OPINION

Seth A. Niederman, Esquire (Argued), and Katelyn M. Crawford, Esquire of FOX ROTHSCHILD, LLP, Wilmington, Delaware, and Melanie J. Thompson, Esquire of ORLANS, PC; counsel for Plaintiff.

Sarita M. Banning (Argued) and William C. Banning, Jr., Middletown, Delaware; self-represented Defendants.

**Adams, J.**

1

## I.   INTRODUCTION

This is an *in rem* mortgage foreclosure action arising from plaintiff Wells Fargo Bank, NA's mortgage (the "Mortgage")[1] with defendants Sarita M. Banning and William C. Banning, Jr. (collectively, the "Bannings"). The Mortgage covers property located at 406 Virginia Drive, Middletown, Delaware 19709 (the "Property"). Wells Fargo Bank, NA ("Wells Fargo") filed a *scire facias sur* mortgage complaint against the Bannings seeking foreclosure of the Banning's interest in the property. The Bannings subsequently brought counterclaims against Wells Fargo. Wells Fargo argues that summary judgment is appropriate because the Bannings failed to plead any of the recognized defenses available in a *scire facias sur* mortgage action.[2] The Bannings filed an Opposition and Objection to Plaintiff's Motion for Summary Judgment,[3] opposing the relief sought by Wells Fargo. The Bannings are self-represented litigants and throughout the course of this action have claimed to be improper defendants.[4]

---

[1] *See* Wells Fargo, NA's Complaint ("Compl."), at Ex. A.
[2] Dkt. 48 at ¶ 10.
[3] Dkt. 54.
[4] *See, e.g.,* October 23, 2020 Hearing Transcript, Dkt. 77 at 13-15. The Court rejects any attempt by the Bannings to claim that they are not the proper defendants in this foreclosure action. *See LSF9 Master Participation Tr. v. Tucker*, 2017 WL 1407995, at \*5 (Del. Super. Apr. 19, 2017), *aff'd sub nom. Matter of El*, 168 A.3d 673 (Del. 2017) ("All individuals residing in the United States are subject to civil liability and can be sued in both federal and state courts.").

Upon consideration of Wells Fargo's Motion for Summary Judgment; the Superior Court Civil Rules; the facts, arguments and authorities set forth by the parties; statutory and decisional law; and the entire record in the case, the Court **GRANTS** Wells Fargo's Motion for Summary Judgment and **DISMISSES** the Banning's counterclaims.

## II.    FACTUAL BACKGROUND

On August 31, 2011, the Bannings executed and delivered the Mortgage on the Property to Wells Fargo.[5]  The Mortgage acts as the security instrument for a residential loan in the amount of $387,050.00.[6]

The Bannings have failed to make their monthly mortgage payments since August 1, 2018.[7]  Wells Fargo demanded payment and informed the Bannings that it would, pursuant to the Mortgage, accelerate the balance due if the Bannings did not render payment.[8]  The Mortgage provides, in relevant part, that:

> **22. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Interest (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security

---

[5] *See* Compl., at Ex. A.
[6] *See id.*
[7] *See id.*, at Ex. C.
[8] *See id.*, at ¶ 5.

3

Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrow of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may further demand and may foreclose this Security Instrument by judicial proceeding.[9]

To date, the Bannings have not rendered payment in full. As a result, Wells Fargo gave the Bannings 45 days' notice of intent to foreclose on the Mortgage.[10]

Wells Fargo filed its *scire facias sur* mortgage Complaint on July 5, 2019 seeking foreclosure of the Banning's interest in the property.[11] On July 30, 2019, Wells Fargo served the Bannings with the Complaint by personally serving Sarita Banning.[12] On August 5, 2019, the Bannings filed an initial answer to Wells Fargo's Complaint.[13] While this answer contains responses to five of the six allegations in the Complaint, it also raises a number of allegations, defenses, and counterclaims.[14] Specifically, it alleges a number of counterclaims related to supposed mistakes on the Mortgage loan documents and failures on behalf of the United States Department

---

[9] *See* Compl., at Ex. A at ¶ 22.
[10] *See* Compl., at ¶ 5, Ex. D at ¶ 3.
[11] Dkt. 1.
[12] *See* Dkt. 5.
[13] Dkt. 8. It is styled alternatively as an "Affidavit of Defense" and an "Opposition to the Motion of Pendency and Foreclosure Action." *See id.* at 1-2.
[14] *See id.* at 2-7.

of Veterans Affairs.[15]  The Bannings then filed a subsequent answer (the "Answer") on September 27, 2019.[16]

The parties scheduled a mediation conference for October 2, 2019.[17]  At the mediation, the Bannings indicated that they submitted a complete financial package to be reviewed by Wells Fargo.[18]  An additional mediation conference was scheduled for November 20, 2019.[19]  The mediation process was unsuccessful because the parties failed to come to agreement.[20]  Namely, the Bannings did not wish to pursue loss mitigation.[21]

On March 6, 2020, Wells Fargo filed its Motion for Summary Judgment (the "Motion"), arguing that the Bannings failed to plead any of the legally recognized defenses in a *scire facias sur* mortgage action.[22]  On April 30, 2020, the Bannings filed their "Opposition and Objection to Plaintiff's Motion for Summary Judgment" (the "Response"), which the Court treats as the Banning's response to the Motion.[23] The Bannings claimed that there was a dispute of material fact as to numerous issues,

---

[15] *See id.* at 7.

[16] Dkt. 14. The Court treats this pleading as the response to Wells Fargo's Complaint. The Answer contains updated responses to Wells Fargo's Complaint, as well as updated allegations, counterclaims, and defenses. *See id.*

[17] *See* Dkt. 13.

[18] *See* Dkt. 15.

[19] *See id.*

[20] *See* Dkt. 24 at 1.

[21] *See id.*

[22] Dkt. 48 at ¶ 10.

[23] Dkt. 54.

including whether subject matter jurisdiction exists and whether permissive counterclaims are permitted in a *scire facias sur* mortgage action.[24]  On June 30, 2020, Wells Fargo filed its Reply in Further Support of Plaintiff's Motion for Summary Judgment" (the "Reply").[25]  The Court heard oral argument on the Motion on October 23, 2020.[26]

## III.   STANDARD OF REVIEW

Under Superior Court Civil Rule 56, summary judgment "shall be rendered forthwith" if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."[27]  The moving party bears the initial burden of demonstrating that, even with the evidence construed in the light most favorable to the non-moving party, there are no genuine issues of material

---

[24] *See id.* at ¶ 1, 3-10.

[25] Dkt. 61. On May 28, 2020, the Bannings filed a Motion to Strike Plaintiff's Response by Objection and Opposition to Defendant's Motion to Dismiss.  *See* Dkt. 57.  Wells Fargo responded to the Banning's motion on June 30. *See* Dkt. 60.  While the Court noted at oral argument that it viewed the Banning's motion to strike as a sort of sur-reply to Wells Fargo's June 30 Reply, *see* Dkt. 77 at 21, it is largely duplicative of the Banning's initial set of summary judgment papers and as such, will not be addressed separately in the Court's analysis.

[26] During oral argument, the Court also heard argument on Wells Fargo's Motion to Compel Discovery.  *See* Dkt. 77.  The Court informed the parties that it considered the summary judgment record closed as of the date of the oral argument.  *See id.* at 21.

[27] Super. Ct. Civ. R. 56(c).

fact.[28]  If the moving party meets this burden, then to avoid summary judgment, the non-moving party must adduce some evidence of a dispute of material fact.[29]

On an application for summary judgment, "the court must view the evidence in the light most favorable to the non-moving party."[30]  An application for such a judgment must be denied if there is "any reasonable hypothesis by which the opposing party may recover, or if there is a dispute as to a material fact or the inferences to be drawn therefrom."[31]  "The test is not whether the judge considering summary judgment is skeptical that [the non-movant] will ultimately prevail."[32]

## IV.   ANALYSIS

Under Delaware law, a mortgagee has the right to initiate a *scire facias sur* mortgage action, "an *in rem* proceeding used to foreclose on a mortgage."[33]  A writ

---

[28] *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979).

[29] *Id.*

[30] *Merrill v. Crothall–American, Inc.*, 606 A.2d 96, 99 (Del. 1992).

[31] *Vanaman v. Milford Mem'l Hosp., Inc.*, 272 A.2d 718, 720 (Del. 1970).

[32] *Cerberus Int'l, Ltd. v. Apollo Mgmt., L.P.*, 794 A.2d 1141, 1150 (Del. 2002).

[33] *JPMorgan Chase Bank v. Hopkins*, 2013 WL 5200520, at *2 (Del. Super. Sept. 12, 2013); *see also* 10 *Del. C.* § 5061.  On March 12, 2020, Delaware Governor John C. Carney declared a state of emergency due to COVID-19 ("Declaration").  On June 30, the Governor again modified the Declaration, lifting any stays of deadlines in residential mortgage foreclosure actions resulting from the Declaration, "unless the court determines that a longer period is necessary in the interest of justice." Twenty-Third Modification of the Declaration of a State of Emergency for the State of Delaware Due to a Public Health Threat 11 (June 30, 2020), available at https://governor.delaware.gov/wp-content/uploads/sites/24/2020/06/Twenty-Third-Modification-to-State-of-Emergency-06302020.pdf.  Although there have been additional modifications, none have further changed the procedural requirements for

of *scire facias sur* is, in essence, "a rule to show cause that requires the mortgagor to appear and establish why the mortgagee should not be allowed to foreclose."[34] In this type of action, a party's defenses are limited.[35]

Wells Fargo's claim against the Bannings is straightforward: no material issues of fact are in dispute and the Bannings have failed to adequately plead any of the legally recognized defenses in a *scire facias sur* mortgage action.

A. The Bannings Have Not Demonstrated that Any Material Issues of Fact Exist

As the movant, Wells Fargo has the initial burden of demonstrating that there are no genuine issues of material fact. In its Complaint, Wells Fargo alleges that the Bannings are in default of their mortgage in the amount of $387,050.00, with interest, late charges, counsel fees, costs and all sums due or which become due under the Mortgage and note. The Court has reviewed all of the documents submitted by the Bannings and cannot find anything that creates a genuine issue of material fact as to this core claim or to any other material fact. Therefore, Wells Fargo has met its burden on this issue.

---

a mortgage foreclosure action. *See Restora, LLC v. Moore, et al.*, 2020 WL 7393247, at *1 (Del. Super. Dec. 16, 2020).

[34] *LSF9 Master Participation Tr. v. Tucker*, 2017 WL 1407995, at *4 (Del. Super. Apr. 19, 2017), *aff'd sub nom. Matter of El*, 168 A.3d 673 (Del. 2017) (citing *American Nat. Ins. Co. v. G–Wilmington, Assoc., LLP.*, 2002 WL 31383924, at *2 (Del. Super. Oct. 18, 2002)).

[35] *See infra* Part IV(B).

8

Once the movant has met its burden, the party opposing summary judgment must come forward with admissible evidence, other than mere denials, showing the existence of a genuine issue of fact.[36] The Bannings have failed to do so. In their Answer, the Bannings deny that: (1) they failed to pay the monthly installments of the Mortgage;[37] and (2) they owe Wells Fargo the amount remaining on the Mortgage. This alone is insufficient. Mere denials in a pleading are insufficient under Superior Court Civil Rule 56 to oppose a motion for summary judgment.[38] Further, most of the purported disputes of material fact raised in the Banning's Response are not disputes of *fact* at all, and instead are fashioned as legal arguments. Therefore, no genuine issue of fact exists.

B. The Banning's Permissible *Scire Facias Sur* Defenses are Legally Deficient

The Supreme Court of Delaware has held that the permissible defenses in *scire facias sur* mortgage actions are limited.[39] In general, "only those claims or

---

[36] *Kennedy v. Giannone*, 527 A.2d 732, 732 (TABLE) (Del. 1987) (citing *E.K. Geyser Co. v. Blue Rock Shopping Center, Inc.*, 229 A.2d 499, 501 (Del. Super. 1967)).

[37] The Bannings "Denied/Admitted" in their Answer that they failed to pay the monthly installments of the Mortgage and note when due. *See* Dkt. 14 at ¶ 5. This does not change the analysis for purposes of summary judgment because, as noted herein, the Bannings have not met their burden on summary judgment to show a genuine issue of material fact exists for the fact finder.

[38] *Kennedy v. Giannone*, 527 A.2d 732, 732 (TABLE) (Del. 1987).

[39] *CitiMortgage, Inc. v. Kine*, 2011 WL 6000755, at *2 (Del. Super. Nov. 1, 2011).

counterclaims arising under the mortgage may be raised."[40]   Specifically, a defendant is limited to pleading payment, satisfaction, or avoidance of the mortgage.[41]  A plea in avoidance must "relate to the mortgage sued upon, i.e., the plea must relate to the validity or illegality of the mortgage documents."[42] Avoidance defenses can include "acts of God, assignment, conditional liability, duress, exception, forfeiture, fraud, illegality, justification, non-performance of condition precedents, ratification, unjust enrichment and waiver."[43]   Permissive counterclaims, however, may not be asserted in a *scire facias sur* mortgage action.[44]

Here, Wells Fargo alleges that the Bannings are in default on their mortgage in the amount of $387,050.00 with interest, late charges, counsel fees, costs, and all sums due or which become due under the Mortgage and note.  In response, the Bannings have asserted a number of convoluted and conclusory allegations and

---

[40] *Id.* (internal quotation omitted).
[41] *Shrewsbury v. The Bank of New York Mellon*, 160 A.3d 471, 475 (Del. 2017).
[42] *CitiMortgage, Inc. v. Kine*, at *2 (citing *American Nat. Ins. Co.*, at *3) (internal quotation omitted).
[43] *CitiMortgage, Inc. v. Kine*, at *2; *see also Windsor I, LLC v. CWCapital Asset Mgmt. LLC*, 2019 WL 4733430, at *8 (Del. Super. Sept. 27, 2019), *aff'd*, 238 A.3d 863 (Del. 2020).
[44] *Wells Fargo Bank, N.A. v. Williford*, 2011 WL 5822630, at *3 (Del. Super. Nov. 17, 2011). These claims are permissive by "virtue of their nonassociation with the mortgage transaction at issue." *Id.* at *3 n.47 (citation omitted).

counterclaims in their Answer and Response.[45] The Bannings do not plead payment

or satisfaction.[46]

The Bannings also do not coherently assert any avoidance defenses.[47] To the

extent any are permissible or adequately pleaded, they nevertheless fail due to legal

deficiency. The Bannings assert fraud[48] on two grounds: (1) Well Fargo fraudulently

corrected certain terms of the mortgage settlement sheet; and (2) Wells Fargo

fraudulently asked the Bannings to sign the corrected settlement sheet in the absence

of an attorney. Neither has merit. The Banning's first fraud-related counterclaim

---

[45] *See, e.g.,* Dkt. 54 at 4-5 ("These items have been addressed with proof that the Settlement Statement HUD-1 (SSH1) has been forged, altered and changed with undeniable proof; there is nothing more respondent(s) need to comment. The fraud and concealment is evident").

[46] In their Prayer for Relief, the Bannings ask that the Court "[d]eclare mortgage, lis pendens, and note released, satisfied and fully discharged." Dkt. 54 at 7. However, this is the extent of their assertion of satisfaction in their Response and there is no mention of satisfaction in their Answer.

[47] Merely using the words "unjust enrichment," "duress," and "undue influence" and paring them with conclusory arguments lacking any legal or factual support is insufficient for purposes of summary judgment. *See Deutsche Bank Nat'l Tr. Co. v. Moss*, 2016 WL 355017, at *3 (Del. Super. Jan. 26, 2016), *aff'd*, 148 A.3d 1170 (Del. 2016). The Court rejects all non-fraud avoidance defenses pleaded by the Bannings as they lack support in the record. *See, e.g.,* Dkt. 54 at 5 ("Everything respondent(s) have submitted is related to the original mortgage. Respondent(s) entered into the alleged contract based upon false representations made by the plaintiff, its agents and representative. Everything started, at the beginning. Fraud in the inducement, negligence, unjust enrichment, breach of contract, concealment, theft, unlawful foreclosure and negligence.")

[48] The Court agrees with Wells Fargo that the Banning's assertion that Wells Fargo breached a Wells Fargo Closing Guarantee by allegedly failing to timely close on the Mortgage, *see* Dkt. 48 at 4-5, is not a valid claim in this action and is not a fraud-based claim, as the Bannings suggest. *See* Dkt. 14 at 8-9; Dkt. 54 at 4.

does not relate to the validity of the original mortgage because it did not change the Banning's rights under the Mortgage nor materially alter the transaction.[49] As such, it an improper permissive counterclaim and is barred.[50]

The Banning's second fraud-related counterclaim is legally deficient. Under Delaware law, "the absence of Delaware counsel [does not operate] to invalidate, or to render unenforceable, the underlying transaction against the mortgagors who receive the benefit of the loan."[51] Rather, mortgagers "must allege facts indicating that the mortgagers were prejudiced by the lack of an attorney and that they did not understand the nature of the transactions or their resultant obligations."[52] The Bannings have not done so, and as such, this claim likewise fails.

---

[49] *See, e.g., Williford*, at *5-6.

[50] *See, e.g., Williford*, at *6 (finding that a party's counterclaims were "outside the scope of a plea of avoidance because they . . . do not relate to the validity or legality of the mortgage documents" themselves).

[51] *Capital One, N.A. v. Bachovin*, 2015 WL 5968537, at *3 (Del. Super. Oct. 7, 2015) (citation omitted).

[52] *Id.* (internal quotation and citation omitted).

12

## V.     CONCLUSION

The undisputed record demonstrates that Wells Fargo is a valid holder of the Mortgage, that the Bannings executed the Mortgage, that the Bannings have defaulted on their obligation to Wells Fargo, and that the Bannings owe the amount of the judgment sought.    Wells Fargo's motion for summary judgment is **GRANTED** and the Banning's counterclaims are **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

/s/ Meghan A. Adams

**Meghan A. Adams, Judge**